## ANTHONY LAPENTA *v.* BANK ONE, N.A.
## (AC 27738)

Bishop, Harper and Peters, Js.

Argued February 12—officially released June 19, 2007

*Walter A. DeAndrade*, for the appellant (plaintiff).

*Shelley R. Sadin*, with whom, on the brief, was *Barbara G. Hager*, for the appellee (defendant).

*Opinion*

PETERS, J. A purchaser of property on which a lis pendens has been filed pursuant to General Statutes § 52-325[1] takes the property subject to the outcome

[1] General Statutes § 52-325 (a) provides: "In any action in a court of this state or in a court of the United States (1) the plaintiff or his attorney, at the time the action is commenced or afterwards, or (2) a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the action is intended to affect real property, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property, except that no such notice may be recorded in an action that alleges an illegal, invalid or defective transfer of an interest in real property unless the complaint or affirmative

of the lawsuit of which the lis pendens has given the purchaser notice. In this case, the purchaser bought the same piece of property on two separate occasions, first at the foreclosure by sale of the second mortgage and thereafter at the foreclosure by sale of the first mortgage. He claims that his first purchase entitled him to the surplus that arose from the subsequent foreclosure of the first mortgage. Relying on § 52-325, the trial court granted the motion for summary judgment filed by the first mortgagor. Because we agree with the trial court that the statute precludes the purchaser from asserting any interest in the proceeds of the foreclosure by sale without becoming a party to that action, we affirm the judgment.

On January 31, 2005, the plaintiff, Anthony LaPenta, filed a three count complaint against the defendant, Bank One, N. A., alleging that the defendant, by depriving the plaintiff of $15,932, which remained as surplus proceeds from a foreclosure by sale, had (1) converted

cause of action contains the date of the initial illegal, invalid or defective transfer of an interest in real property and such transfer has occurred less than sixty years prior to the commencement of such action. Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. This section shall be construed to apply to mechanics' liens and all other inchoate liens, certificates of which are recorded subsequent to the recording of the notice of the pendency of the action; and, in suits to foreclose mortgages or other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered."

the plaintiff's property, (2) obtained property under false pretenses and (3) violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The trial court granted the defendant's motion for summary judgment, concluding that the plaintiff had no independent legal claim to the surplus and was precluded from asserting an interest in the surplus property by § 52-325, the lis pendens statute. The plaintiff has appealed.

The relevant facts, as stated in the trial court's memorandum of decision, are undisputed. "[T]he plaintiff . . . was the successful bidder at two separate foreclosure sales concerning property known as 42 Country Lane, Canton, Connecticut. The previous owner of the property, Thaddeus Cierocki, had executed a first and second mortgage to Zirmak Mortgage, Inc. (Zirmak). Zirmak later assigned the first mortgage to GE Capital Mortgage Services, Inc. (GE), and assigned the second mortgage to the defendant, Bank One, N.A. (Bank One)."

GE brought an action to foreclose its mortgage in January, 2002. Thereafter, the defendant sought to foreclose its mortgage on the property in a separate action that was commenced in June, 2002. Although GE held the primary mortgage and initiated its foreclosure action first, the defendant was the first to complete a foreclosure by sale on August 26, 2002. The plaintiff was the successful bidder at the defendant's foreclosure by sale on the second mortgage. After fees and expenses, the sale resulted in an award to the defendant of $6614, leaving it with a $30,513 deficiency on its mortgage debt. The defendant elected not to pursue a deficiency judgment against Cierocki.

Subsequently, on October 21, 2002, GE foreclosed its mortgage by sale in a separate proceeding in which the defendant was a party. The plaintiff purchased the

property at the GE foreclosure sale for $195,000. On May 12, 2003, GE received the full amount of the interest secured by its mortgage, leaving a surplus of $15,932 after fees and expenses. As a party to the GE foreclosure, the defendant made a claim for those surplus proceeds by filing a motion for determination of priorities and supplemental judgment. In a supplemental judgment in this foreclosure action, the trial court found that the defendant had established that it was still owed a balance of $35,124 on its original note from Cierocki and granted the defendant's motion to award the surplus to it.

Although the plaintiff also attempted to obtain the surplus proceeds of the GE foreclosure from the court, he never became a party to the GE action, and, therefore, the court did not consider the merits of his claim. The court stated: "He filed two appearances in the GE suit—one as a defendant and the other as a 'petitioner.' On May 15, 2003, he filed a petition for payment of the surplus proceeds, which the court denied on October 1, 2003 (the same day that the surplus proceeds were awarded to Bank One). On October 20, 2003, [the plaintiff] filed a motion to open the October 1, 2003 supplemental judgment. The court did not consider the motion. [The plaintiff] then appealed the October 1, 2003 supplemental judgment. [The defendant] filed a motion to dismiss the appeal on the ground of lack of standing, since [the plaintiff had] never intervened in the underlying matter. The Appellate Court granted the motion to dismiss."

In light of the undisputed history of the two separate foreclosure proceedings, the trial court in this case rendered summary judgment on two grounds for the defendant on the plaintiff's complaint charging the defendant with conversion, obtaining money under false pretenses and violation of CUTPA. First, the court concluded that the defendant properly had received the surplus from

the GE foreclosure because the *debt* on its mortgage had not been extinguished by the foreclosure of its own mortgage, even though that foreclosure had extinguished its own interest in the *property*. Second, the court concluded that, because GE properly had filed a lis pendens on the mortgaged property in the Canton land records on December 19, 2001, in accordance with § 52-325, the plaintiff was on notice that his interest that he acquired in the defendant's foreclosure by sale on August 26, 2002, was subject to the outcome of the GE foreclosure.

On appeal, the plaintiff challenges the court's granting of the motion for summary judgment as a matter of law.[2] The plaintiff argues that it was improper to award the defendant the surplus from the GE foreclosure by sale because, by purchasing the property at the defendant's foreclosure sale, he acquired the rights of the debtor, Cierocki, including that debtor's equitable right of redemption. In his view, the defendant committed conversion, acted under false pretenses and violated CUTPA by taking the surplus resulting from the GE foreclosure.

We conclude that we need not decide whether the plaintiff had a colorable claim to the surplus of the GE foreclosure because of his purchase at the first foreclosure sale.[3] In our view, he cannot prevail because

[2] Significantly, the plaintiff has not challenged the validity of the trial court's finding that GE properly filed a lis pendens on the mortgaged property in the Canton land records on December 19, 2001, in accordance with § 52-325.

[3] The plaintiff argues that he is entitled to the surplus from the GE foreclosure by sale because the defendant's foreclosure by sale extinguished any rights that the defendant still might have had in the property. Although the plaintiff is correct that the defendant's foreclosure extinguished its right to collect its debt from the mortgagor, the defendant was not thereby foreclosed from pursuing other equitable actions on its mortgage. See *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 267, 708 A.2d 1378 (1998). As a proper party in the GE foreclosure by sale, the defendant retained the equitable right to recover the remainder of its debt, although it was precluded by General Statutes § 49-1 from instituting any action other than a deficiency judgment against the original mortgagor. See Id.

his failure to become a party to the proceedings in which the notice of lis pendens had been filed precluded him from acquiring any interest in the proceeds of the GE foreclosure.

Before addressing the merits of the plaintiff's claim, we first set forth the applicable standard of review afforded the court's grant of a motion for summary judgment. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." *Brown* v. *Soh*, 280 Conn. 494, 500–501, 909 A.2d 43 (2006).

The plaintiff argues that, for two reasons, he is entitled to the surplus funds generated by the GE foreclosure. First, he maintains that he did not have a timely

Indeed, the plaintiff's attempt to obtain the surplus from the GE foreclosure through the present action could readily be viewed as a collateral attack on the judgment in the GE foreclosure action. As our Supreme Court has stated, "[our courts] have strongly disfavored collateral attacks upon judgments because such belated litigation undermines the important principle of finality. . . . The law aims to invest judicial transactions with the utmost permanency consistent with justice. . . . Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed or overthrown." (Citations omitted; internal quotation marks omitted.) *Meinket* v. *Levinson*, 193 Conn. 110, 113, 474 A.2d 454 (1984). In light of the plaintiff's failure to avail himself of the opportunity to become a party to the GE foreclosure, the trial court's judgment can also be upheld on the alternate ground that any other ruling improperly would have permitted the defendant to take a second bite of the apple.

opportunity to intervene in that foreclosure because the judgment of foreclosure of the GE mortgage on October 21, 2002, predated his purchase of the property in the defendant's foreclosure action on November 18, 2002. Second, he contends that, pursuant to *Mariners Savings Bank* v. *Duce*, 98 Conn. 147, 118 A. 820 (1922), as a purchaser at the GE foreclosure sale, he automatically became a party to that action.

Each of these claims requires us to interpret the lis pendens statute, § 52-325. "It is well established that statutory interpretation involves a question of law over which we exercise plenary review." *Friezo* v. *Friezo*, 281 Conn. 166, 180, 914 A.2d 533 (2007). The effect of a lis pendens on after acquired property is well established. "A notice of lis pendens warns all persons that certain property is the subject matter of litigation and that any interests acquired during the pendency of the action are subject to its outcome. . . . Accordingly, any party whose interest in the property arose during the interim period is subject to the final judgment." (Citations omitted; internal quotation marks omitted.) *Lee* v. *Duncan*, 88 Conn. App. 319, 329, 870 A.2d 1, cert. denied, 274 Conn. 902, 876 A.2d 12 (2005).

Section 52-325 expressly addresses the effect of a duly recorded lis pendens on subsequent property interests. It provides that the lis pendens gives notice "from the time of the recording . . . to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. . . . [*I*]*n suits to foreclose mortgages or*

*other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered."* (Emphasis added.) General Statutes § 52-325 (a).

The plaintiff's argument that he did not have a timely opportunity to be made a party assumes that he could not have intervened during the pendency of the GE foreclosure proceedings once the court rendered its initial judgment of foreclosure on October 21, 2002. It is undisputable that § 52-325 required him to intervene "prior to the date when the judgment or decree in such action is rendered." General Statutes § 52-325 (a). The plaintiff acknowledges that the trial court did not address this issue but offers no explanation for his failure to file a motion for articulation pursuant to Practice Book § 66-5. Although, for this reason, we decline to consider this issue in depth, we note that a foreclosure sale does not become final until the entry of an order of confirmation by the court. *Washington Trust Co.* v. *Smith,* 241 Conn. 734, 742, 699 A.2d 73 (1997); *Mariners Savings Bank* v. *Duca,* supra, 98 Conn. 152–53. The approval of the GE foreclosure sale by the court on February 3, 2003, substantially postdated the plaintiff's November 18, 2002 purchase of the property. The plaintiff's argument is therefore untenable.

Alternatively, citing *Mariners Savings Bank* v. *Duca,* supra, 98 Conn. 155, the plaintiff contends that, as a purchaser at the GE foreclosure sale, he automatically became a party to the foreclosure action by operation of law. This argument, too, was not addressed by the trial court. Accordingly, we decline to address its merits except to note that *Mariners Savings Bank* did not concern the operation of a lis pendens and thus did not

address the predecessor to the current lis pendens statute.

In sum, in this case, the court made unchallenged findings of fact that a lis pendens relating to the defendant's interest in the GE foreclosure proceedings properly had been filed on December 19, 2001, and that the plaintiff subsequently acquired its interest in the property through the defendant's foreclosure on November 18, 2002. The court properly held that, because the plaintiff did not avail himself of the opportunity afforded to him by § 52-325 to become a party to the GE foreclosure proceedings, the interest that the plaintiff acquired through the foreclosure of the defendant's mortgage was subordinate to the interest acquired by the defendant in the GE foreclosure. Accordingly, we conclude that the trial court properly granted the defendant's motion for summary judgment on the basis of § 52-325.

The judgment is affirmed.

In this opinion the other judges concurred.