## Y'ISIAH LOPES *v.* SHAWN FARMER ET AL.

Superior Court, Judicial District of Fairfield
File No. CV-05-4008743 S

Memorandum filed December 2, 2008*

*John R. Williams*, for the plaintiff.

*Carmine Perri*, for the named defendant et al.

HILLER, J. This matter involves a case for malicious prosecution brought by the plaintiff, Y'Isiah Lopes, against three defendants, Shawn Farmer, Melissa Lucas[1] and Kristy Tryjada.[2] At the time of the alleged incident giving rise to these proceedings, the plaintiff was a substitute teacher at Stratford High School (high school), Farmer and Lucas were police officers with the Stratford Police Department, and Tryjada was a student at the high school. From the documentation attached to the defendants' motion for summary judgment, the court gleans the following facts, which are largely undisputed by the plaintiff. On October 20, 2000, Tryjada contacted Officer Farmer, who was working as a police officer at the high school, and alleged that she was being stalked by a heavyset African-American male in his late twenties or early thirties who drove a black Mustang convertible. Tryjada stated that this individual was following her around town, and on one

---

* Affirmed. *Lopes* v. *Farmer*, 118 Conn. App. 355, 984 A.2d 71 (2009).

[1] Lucas is now known by her married name, Melissa Niemiec, and she signed her affidavit under this new name. As her name was Lucas at the time of the subject incident, she will be known as Officer Lucas throughout this memorandum.

[2] As the motion presently before this court involves only Farmer and Lucas, any reference to the defendants will be assumed to refer only to Farmer and Lucas.

occasion approached her and told her that "if you don't come here, I'm going to kill you." Officer Lucas subsequently spoke with Tryjada and her mother, Melanie Nemeth, who both confirmed the stalking incidents, and reported that the suspect's vehicle had Kansas license plate OAV 121. On November 6, 2000, Officers Fred Wilcoxson and Robert Joy located a vehicle with this license plate and stopped it. Officer Lucas soon joined them at the scene. The vehicle in question was driven by the plaintiff, who the police subsequently discovered was a substitute teacher at Tryjada's high school. During this traffic stop, the plaintiff denied that he knew or was stalking Tryjada. Three days later, the high school's principal called Tryjada and her mother into his office, where they both proceeded to identify the plaintiff as the person who was stalking Tryjada.

With this information, Officer Farmer prepared an application for an arrest warrant. On November 9, 2000, Judge Brennan of the Superior Court signed this arrest warrant, and the plaintiff was subsequently arrested and prosecuted for the crime of stalking in the second degree, a violation of General Statutes § 53a-181d (a). On July 22, 2002, all of the charges that had been brought against the plaintiff were dismissed but he still lost his job and allegedly suffered economic loss and emotional distress. The plaintiff's complaint alleges that all of the defendants falsely and maliciously instituted criminal proceedings against him in violation of the fourth amendment and 42 U.S.C. §§ 1983 and 1988. Farmer and Lucas are being sued only in their individual capacities.

On October 10, 2008, the defendants filed this motion for summary judgment and a memorandum of law in support. The defendants attached the certified affidavits of Officers Farmer and Lucas, Stratford police reports regarding the subject incident and the application for the plaintiff's arrest warrant. In response, the plaintiff filed a memorandum of law in opposition on

October 23, 2008, which did not attach any supporting documentation.

I

DISCUSSION

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Provencher* v. *Enfield*, 284 Conn. 772, 790–91, 936 A.2d 625 (2007). "[S]ummary judgment is appropriate only if a fair and reasonable person could conclude only one way. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Citations omitted; internal quotation marks omitted.) *Dugan* v. *Mobile Medical Testing Services, Inc.*, 265 Conn. 791, 815, 830 A.2d 752 (2003). The burden is on the moving party to demonstrate an absence of any triable issue of material fact, and "[t]o satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book

§ [17-45]." (Internal quotation marks omitted.) *Zielinski* v. *Kotsoris*, 279 Conn. 312, 318–19, 901 A.2d 1207 (2006). Indeed, "the party opposing [a motion for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Deming* v. *Nationwide Mutual Ins. Co.*, 279 Conn. 745, 757, 905 A.2d 623 (2006). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly decide[s] the motion by only looking to the sufficiency of the [movant's] affidavits and other proof." *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania*, 231 Conn. 756, 795, 653 A.2d 122 (1995).

In their memorandum of law, the defendants argue that the court must render summary judgment because there is no genuine issue of material fact regarding the fact that Judge Brennan made a judicial finding of probable cause to arrest. Because lack of probable cause is a necessary element of a malicious prosecution claim, the defendants state that they are entitled to judgment as a matter of law. In response, the plaintiff argues that pursuant to the holding of the United States Court of Appeals for the Second Circuit in *Golino* v. *New Haven*, 950 F.2d 864, 870–72 (2d Cir. 1991), cert. denied sub nom. *Lillis* v. *Golino*, 505 U.S. 1221, 112 S. Ct. 3032, 120 L. Ed. 2d 902 (1992), defendant police officers can be held liable for malicious prosecution if they recklessly omit or misrepresent exculpatory information to a judge when the court is making a determination of probable cause. Specifically, the plaintiff refers to a discrepancy between the affidavit of Officer Lucas and the information provided to Judge Brennan in the application for the plaintiff's arrest warrant. In paragraph eight of her affidavit, Officer Lucas reports that after she arrived on the scene when Officers Wilcoxson and Joy had stopped the plaintiff's vehicle, the plaintiff responded that he "denied knowing Ms. Tryjada and

denied following anyone around." The application for the arrest warrant, however, does not mention this blanket denial, but only states that "Officer Melissa Lucas arrived and explained to Lopes that he was a suspect in a stalking investigation and Lopes stated that he was a substitute teacher and that he wasn't that type of guy." The plaintiff contends this difference in language indicates that the defendants omitted material, exculpatory information from Judge Brennan because the statement in the application for the arrest warrant is a more tepid denial than simply stating that the plaintiff did not know or stalk Tryjada.

"An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." (Internal quotation marks omitted.) *Bhatia* v. *Debek*, 287 Conn. 397, 404, 948 A.2d 1009 (2008). Under both Connecticut and federal law, "[t]he absence of probable cause is an essential element of a claim for malicious prosecution." *McClellan* v. *Smith*, 439 F.3d 137, 145 (2d Cir. 2006). As articulated by our Supreme Court, "[p]robable cause has been defined as the knowledge of facts sufficient to justify a reasonable [person] in the belief that he has reasonable grounds for prosecuting an action. . . . Mere conjecture or suspicion is insufficient. . . . Moreover, belief alone, no matter how sincere it may be, is not enough, since it must be based on circumstances which make it reasonable. . . . [W]hether particular facts . . . constitute probable cause is always a question of law." (Citation omitted; internal quotation marks omitted.) *Bhatia* v. *Debek*, supra, 410–11.

"Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause. . . . [Nevertheless, a plaintiff may challenge this presumption by] mak[ing] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause. . . . Intentional or reckless omissions of material information, like false statements, may serve as the basis for [such a] challenge . . . and recklessness may be inferred where the omitted information was critical to the probable cause determination . . . ." (Citations omitted; internal quotation marks omitted.) *Golino* v. *New Haven*, supra, 950 F.2d 870–71.

From the evidence attached to the defendants' memorandum of law, the court finds that there is more than enough evidence to support a finding that Judge Brennan issued a warrant to arrest the plaintiff on the basis of probable cause. For instance, the application for the arrest warrant states that both Tryjada and her mother complained that Tryjada was being stalked by a tall, heavyset black male in his late twenties or early thirties who drove a black Mustang convertible with a Kansas license plate. Tryjada reported that the individual told her that "if you don't come here, I'm going to kill you," and that this alleged stalker had been following her around for about one month. Following this complaint, the police department conducted an investigation and determined that the plaintiff, a substitute teacher at Tryjada's high school, drove this vehicle. Consequently, the high school's principal called Tryjada and her mother into his office, where they both proceeded to identify the plaintiff as the person who was stalking Tryjada. Such evidence is certainly more than enough to

support a finding of probable cause, which the plaintiff does not dispute.

 Because the defendants have adequately shown that Judge Brennan found that there was probable cause to arrest the plaintiff, the defendants would ordinarily be entitled to judgment as a matter of law because lack of probable cause is a necessary element of a malicious prosecution claim. The plaintiff, however, argues that there is still a genuine issue of material fact regarding whether the defendants intentionally or recklessly omitted exculpatory information because of a supposed discrepancy between the plaintiff's statement to Officer Lucas during the traffic stop and the information later presented to Judge Brennan in the application for the arrest warrant. Despite some difference in the wording, the court finds that the meaning of the plaintiff's statement that "he was a substitute teacher and that he wasn't that type of guy" is tantamount to a denial that he stalked Tryjada. As a result, Judge Brennan was aware of the plaintiff's denial that he had engaged in stalking but still found probable cause to arrest.

Although the plaintiff correctly argues that the determinative issue is not the judge's finding of probable cause but demonstrating that the officers either intentionally or recklessly omitted exculpatory evidence, he offers no support for his contention that the change in language indicated either recklessness or intent to deceive Judge Brennan. At oral argument, the plaintiff admitted that he has not conducted a deposition of either Officers Farmer or Lucas, and he has no other proof regarding the intent of the officers. This court is certainly not willing to find that a subtle change in phrasing is per se evidence of recklessness or intent to deceive. Without more evidence, the plaintiff's memorandum of law in opposition contains nothing but allegations and assertions for which the plaintiff has provided

no documentary support. As the defendants have provided the court with sufficient evidence that the trial judge found probable cause to issue an arrest warrant for the plaintiff, and the defendants' reliance on the allegations of Tryjada and her mother were facially valid, the burden shifts to the plaintiff to produce evidence on the issue of recklessness or intent to deceive. Having failed to do so, the court grants the defendants' motion for summary judgment.