## TUCCIO CUSTOM HOMES, LLC *v.* KATHY LAMONICA
## (AC 30199)

Bishop, DiPentima and Gruendel, Js.

Submitted on briefs May 28—officially released August 18, 2009

*John R. Williams* filed a brief for the appellant (plaintiff).

*Christopher G. Winans* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Tuccio Custom Homes, LLC, appeals from the summary judgment rendered by the trial court in favor of the defendant, Kathy Lamonica. The plaintiff contends that the court improperly concluded that the action was barred by res judicata. We disagree and, accordingly, affirm the judgment of the trial court.

The facts are undisputed. The plaintiff is a residential home builder. In 2005, the defendant and her husband entered into a contract with the plaintiff regarding the construction and purchase of a home at 4 Belden Hill Road in Brookfield (property). That contract provided, inter alia, that "[p]rior to the closing of title, the purchaser shall not have access to the subject premises unless accompanied by the [plaintiff] or its agents." After construction commenced, a dispute arose between the parties concerning alleged construction

defects. The defendant, accompanied by engineer Kevin Archer,[1] subsequently inspected the property on April 27, 2006. As time passed, the relationship between the parties deteriorated. When the defendant and her husband refused to close on the property, the plaintiff commenced a breach of contract action (original action). While that action was pending, the plaintiff instituted the present action alleging breach of contract stemming from the defendant's April 27, 2006 inspection of the property.[2] The defendant filed an answer and three special defenses, which included an allegation that the plaintiff's claims "are barred by the doctrines of collateral estoppel and/or res judicata in that they could have been—but were not—raised in the [original action]."

The original action proceeded to trial, at the conclusion of which the plaintiff received a verdict in its favor and a corresponding damages award. The defendant thereafter moved for summary judgment in the present case, alleging that no genuine issue of material fact existed as to its res judicata defense. Following argument thereon,[3] the court agreed, concluding that the

[1] The plaintiff commenced a civil action against Archer that the court ordered consolidated with the present action on April 30, 2007. No reference to that action is made by either party in their respective appellate briefs. We further note that Archer is not a party to this appeal.

[2] The plaintiff's February 6, 2007 revised complaint alleges in pertinent part that "[t]he defendant entered and remained upon the aforesaid property in the company of a third party, despite the express provisions of a written agreement between her and the plaintiff which prohibited her from entering upon the said property in the absence of an authorized representative of the plaintiff. A copy of the said written agreement is annexed hereto as Exhibit 1 and incorporated herein by reference."

In its appellate brief, the plaintiff characterizes the present action as one for trespass in an effort to distinguish it from the prior breach of contract action. The plain language of the one page revised complaint and the attachment of the contract as an exhibit thereto belie that characterization.

[3] Counsel for the plaintiff did not appear at argument on the motion for summary judgment. Opposing counsel represented to the court at that proceeding that his "last conversation with [counsel for the plaintiff] was that they wanted [the motion for summary judgment] to go on the papers, and they're not coming."

claim "is a claim that could and should have been brought in the [original] action because it arises under the same contract upon which [the plaintiff] sued in the [original] action." The court thus rendered summary judgment in favor of the defendant and this appeal followed.

On appeal, the plaintiff maintains that the court improperly determined that the present action was barred by res judicata. The plaintiff is mistaken.

Our review of the plaintiff's claim is governed by the following standards. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of [a] trial court's decision to grant [a] defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *LaPenta* v. *Bank One, N.A.*, 101 Conn. App. 730, 736, 924 A.2d 868, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007). Similarly, the applicability of the doctrine of res judicata presents a question of law, over which our review is plenary. *Testa* v. *Geressy*, 286 Conn. 291, 306, 943 A.2d 1075 (2008).

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues

thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 600–601, 922 A.2d 1073 (2007). The doctrine is "grounded in public policy, whose primary function is to prevent the relitigation of issues already decided in a court of competent jurisdiction. *Dunham* v. *Dunham*, 221 Conn. 384, 391, 604 A.2d 347 (1992)." (Internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 109 Conn. App. 92, 96, 950 A.2d 587, cert. denied, 289 Conn. 930, 958 A.2d 157 (2007).

Fatal to the plaintiff's claim on appeal is the well established precept that res judicata "bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action . . . which might have been made." (Internal quotation marks omitted.) *Isaac* v. *Truck Service, Inc.*, 253 Conn. 416, 421, 752 A.2d 509 (2000). Our plenary review reveals that the present action involves the same parties to the original action and arises from a common nucleus of operative facts. As in the original action, the plaintiff in the present action complains of the defendant's noncompliance with the terms of the contract governing the construction of a home on the property. As the court properly observed, the claim pursued in the present case could have and should have been brought in the original action.

The judgment is affirmed.