## Y'ISIAH LOPES *v.* SHAWN FARMER ET AL.
### (AC 30630)

Lavine, Beach and Hennessy, Js.

Submitted on briefs October 19—officially released December 8, 2009

*John R. Williams* filed a brief for the appellant (plaintiff).

*Carmine Perri* and *Kevin C. Kelly* filed a brief for the appellees (named defendant et al.).

PER CURIAM. In this malicious prosecution action, the plaintiff, Y'Isiah Lopes, appeals from the judgment of the trial court rendered in favor of the defendants, Shawn Farmer and Melissa Lucas, Stratford police officers.[1] On appeal, the plaintiff claims that the court improperly granted the defendants' motion for summary judgment because the defendants, who had received complaints that the plaintiff was stalking a student from the high school where he was a substitute teacher, purportedly withheld exculpatory information when applying for an arrest warrant for the plaintiff.[2] We affirm the judgment of the trial court.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *LaPenta* v. *Bank One, N.A.*, 101 Conn. App. 730, 736, 924 A.2d 868, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007). Our review of the court's decision to grant the defendants' motion for summary judgment is plenary. See *Curley* v. *Kaiser*, 112 Conn. App. 213, 220, 962 A.2d 167 (2009).

After having examined the record and the briefs and having considered the arguments of the parties, we are persuaded that the summary judgment rendered in favor of the defendants should be affirmed. See *Hotshoe Enterprises, LLC* v. *Hartford*, 284 Conn. 833, 837, 937 A.2d 689 (2008). The court's thoughtful, well-reasoned decision fully addresses the claim raised on appeal, and we therefore adopt it as a statement of the facts and

[1] A default for failure to appear was entered against the defendant Kristy Tryjada. Tryjada is not a party to this appeal. In this opinion, we therefore refer to Farmer and Lucas as the defendants.

[2] The plaintiff alleged that the charges against him were dismissed.

the applicable law. See *Lopes* v. *Farmer*, 51 Conn. Sup. 361, 984 A.2d 807 (2008). No useful purpose would be served by repeating the discussion contained therein. *Sansone* v. *Nationwide Mutual Fire Ins. Co.*, 62 Conn. App. 526, 528, 771 A.2d 243 (2001).

The judgment is affirmed.