SCOTT BOULANGER ET AL. *v.* TOWN OF OLD LYME
(AC 31956)

Beach, Alvord and Schaller, Js.

Argued February 3—officially released March 29, 2011

*Vincent F. Sabatini,* for the appellants (plaintiffs).

*Michael T. Ryan,* with whom, on the brief, was *Clarisse N. Thomas,* for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiffs, Scott Boulanger, Kathleen Boulanger and Eugene Gallo, appeal from the partial summary judgment[1] rendered by the trial court in favor of the defendants, the town of Old Lyme and Timothy C. Griswold, its first selectman. The plaintiffs claim that the court erred in granting the defendants' motion for summary judgment as to the count or counts of their complaint alleging (1) that they were entitled to a declaratory judgment, (2) multiple violations of

---

[1] Although the trial court's decision did not dispose of all of the counts of the complaint, the plaintiffs filed a motion for an immediate appeal pursuant to Practice Book § 61-4, which the trial court granted. Practice Book § 61-4 (a) provides in relevant part that, in cases in which a trial court's judgment does not dispose of all of the counts against the party seeking to appeal, "[s]uch a judgment shall be considered an appealable final judgment only if the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs. . . ."

title 42 of the United States Code, § 1983 (substantive due process, procedural due process and equal protection), and (3) violations of the due process and equal protection clauses of the Connecticut constitution. We affirm the judgment of the trial court.

The trial court's memorandum of decision sets forth the following facts and procedural history. "The plaintiffs . . . own a parcel of land located at 73 Portland Ave., in the Sound View section of Old Lyme, Connecticut. Prior to 2002, the plaintiffs operated the lot as a private parking lot for their own use. In 2002, the plaintiffs filed an application for a Zoning Compliance Permit so that they could operate their lot as a privately owned public parking lot where the general public could park their cars, for a fee, and visit the Sound View area. This permit was denied with the notation that the requested use was 'not permitted' per § 6.3.9 of the town zoning regulations. In 2003, the plaintiffs again filed for a Zoning Compliance Permit seeking to use their property as a public parking lot. This permit application was again denied with the notation that the use sought was prohibited by § 6.3.9 of the town zoning regulations. On April 7, 2004, the plaintiffs once more sought a Zoning Compliance Permit for their property; again, it was denied because of the prohibitions found in § 6.3.9 of the town zoning regulations.

"On April 7, 2004, the plaintiffs also filed an application for a variance with the Old Lyme Zoning Board of Appeals (Zoning Board) seeking permission from the board to use their lot as a public parking lot and claiming that because of the lot's small size, and the fact that it is surrounded by other parking lots, denying the variance would place an undue hardship on the plaintiffs. On June 8, 2004, the Zoning Board held a regular meeting where it discussed the plaintiffs' proposed variance. At that hearing, the plaintiffs were given the opportunity to discuss why they should be granted a zoning variance

that would allow them to operate their property as a public parking lot. The Zoning Board declined to grant the plaintiffs' requested variance. The plaintiffs did not appeal the 2004 Zoning Board decision to the Superior Court, as was permissible under General Statutes § 8-8.

"On September 25, 2006, the plaintiffs' attorney sent Timothy Griswold, the First Selectman of Old Lyme, a letter indicating that the town's repeated refusal to allow the plaintiffs to use their property as a public parking lot violated their constitutional rights. By letter dated November 7, 2006, the plaintiffs, through their attorney, gave notice to the defendant [t]own of their claim that they had been injured by the denial of their use of their property and that their United States and Connecticut Constitutional Rights had been violated. By letter dated January 25, 2007, the plaintiffs, through their attorney, applied for a parking permit pursuant to § 161-10 of the town ordinances. No permit was issued. On July 26, 2007, the plaintiffs commenced the present action in the New London Superior Court by filing a summons and eight count complaint alleging violations of the plaintiffs' due process rights under 42 U.S.C. § 1983, takings clause violations under the United States Constitution, violations of the plaintiffs' rights under the Connecticut Constitution and violations of the takings clause of the Connecticut Constitution. The plaintiffs also seek a writ of mandamus ordering the town to provide them with a parking lot permit and declaratory relief stating that the plaintiffs have the right to use their property as a public parking lot." The defendants filed a motion for summary judgment, which the court granted in part. This appeal followed.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

. . . Our review of the court's decision to grant the defendants' motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Lopes* v. *Farmer*, 118 Conn. App. 355, 356, 984 A.2d 71 (2009).

After examining the record on appeal and considering the briefs and the arguments of the parties, we conclude that the judgment of the trial court should be affirmed. Because the court's memorandum of decision resolves properly the issues raised in this appeal, we adopt the court's well reasoned decision as a statement of the facts and the applicable law on the issue. See *Boulanger* v. *Old Lyme*, 51 Conn. Sup. 636, 16 A.3d 889 (2010). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.