[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Frederick O'Neil,[1] executed a note on July 24, 1987, promising to pay $275,000 to Neal M Cockerham. To secure this note, the defendant executed a mortgage deed in favor of Cockerham on commercial property located at 64 Connecticut Avenue in Norwalk. Both the note and the mortgage were subsequently assigned to the plaintiffs, John Cross and Jean Cross, by a conditional assignment of the note and mortgage dated October 8, 1987.
Because the defendant did not continue to make timely payments on the note, beginning with the installment due on November 1, 2002, the plaintiffs declared the entire balance due and began the present foreclosure action on April 11, 2002, with abode service on the defendant.
The plaintiffs have filed motion #104 seeking the appointment of a receiver of rents. In their motion, they allege that although there is a tenant at the subject premises, a car wash, who is paying rent to the defendant, the defendant is not paying any money to the plaintiffs on the underlying note and mortgage or on the interest that is accruing on the debt. The defendant O'Neil opposes such an appointment on the ground that the plaintiffs have not alleged in their motion any basis for such an appointment, such as committing waste on the property, or otherwise mismanaging the property by failing to pay property taxes or by failing to maintain the property.
"The application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules. . . ." Chatfield Co. v. Coffey Laundries, Inc.,111 Conn. 497, 501, 150A, 511 (1930); see Connecticut General Statutes § 52-504. However, "[t]he availability and adequacy of another remedy is . . . a consideration to be carefully weighed in deciding whether a receiver is necessary. If it appears that some expedient action or remedy, less stringent in effect than a receivership, will meet the CT Page 15512 situation, that course should be taken." (internal quotation marks omitted.) Olechny v. Thadeus Kosciuszko Society, 128 Conn. 534, 540,24 A.2d 249 (1942).
"The object of appointing receivers is to secure the property in dispute from waste or loss. . . . It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. They are appointed as a measure ancillary to the enforcement of some recognized equitable right." Hartford Federal Savings Loan Assn.v. Tucker, 196 Conn. 172, 175, 491 A.2d 1084, cert. denied, 474 U.S. 920,106 S.Ct. 250, 88 L.Ed.2d 258 (1985). Appointment of a receiver of rents may be appropriate when "[t]he assets to which [the plaintiff] would naturally look for payment may be wasted or lost during protracted litigation." Id. "The purpose of an appointment of a receiver of rents is to minimize the risk of less than full recovery of plaintiff's debt. . . . Factors to consider include a certain deficiency, or a threatened one, as when prior encumbrances are accruing interest or the property's condition is rapidly deteriorating." (Internal quotation marks omitted.)LaSalle National Bank v. Shook, Superior Court, judicial district of New London, Docket No. 0549266 (March 28, 2001, Hurley, J.T.R.), affirmed,67 Conn. App. 93, 787 A.2d 32 (2001).[2]
When determining whether to appoint a receiver of rents for a property, the court may look at a number of factors. These factors include: (1) whether waste or loss is occurring because the defendant is failing to properly maintain or pay taxes on the property; Hartford Federal Savingsand Loan Association v. Tucker, supra, 196 Conn. 175; (2) the risk to the foreclosing party that he will recover less than the full amount of his debt and whether the deficiency is certain or only threatened; PrudentialIns. Co. of America v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 127550 (August 11, 1995, Pellegrino, J.); and, (3) whether there is a provision in a mortgage deed which allows for the appointment of a receiver in the event of the mortgagor's default. SeeJewett City Savings Bank v. Weiss, Superior Court, judicial district of Windham, Docket No. 053937 (November 21, 1996, Sferrazza, J.) (holding that where the mortgage deed permits the appointment of a receiver and there is likely a deficiency after foreclosure, the court may grant a motion to appoint a receiver).
The first factor of the test weighs against granting the plaintiffs' motion. There is no evidence which suggests that the defendant O'Neil has committed waste on the property, failed to maintain the property, or failed to make tax payments on the property. The only real loss to the plaintiffs is that the debt will increase during the pendency of the action. There is no evidence as to whether the value of the property will CT Page 15513 increase or decrease.
"A receivership is a drastic remedy. It takes control of the property from the defendant owner and vests it in an outsider who is likely not to manage it as effectively and economically as the owner. A receivership is likely to cause tenants to move, and to adversely affect the owner's chances of refinancing the property." New Connecticut Bank v. 20 SissonStreet Assn., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 91 0395128 (January 27, 1992, Satter, J.T.R.) (5 Conn.L.Rptr. 531, 532). In addition, the court should also consider the cost inherent in the appointment of a receiver of rent and the effect such cost would have both on the property and on the defendant.
The court, therefore, finds that there would be a detriment to the defendant O'Neil if a receiver was appointed. On the other hand, the only loss to the plaintiffs would be the accrual of interest during the pendency of this case.
The plaintiffs' motion for the appointment of a receiver of rents is hereby denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of December, 2002.
 ___________________ William B. Lewis, Judge