# LEO ANTONINO ET AL. *v.* G. THOMAS JOHNSON
## (AC 29131)

Flynn, C. J., and Beach and West, Js.

Argued December 4, 2008—officially released March 10, 2009

*James R. Winkel,* for the appellant (named defendant).

*Jeffrey F. Buebendorf,* with whom was *Aimee L. Wickless,* for the appellees (plaintiffs).

### Opinion

BEACH, J. The defendant, G. Thomas Johnson,[1] appeals from the judgment of foreclosure by sale rendered in an action brought by the plaintiffs, Leo Antonino and Alvin J. Schechter, trustee. On appeal, the defendant claims that the trial court improperly (1) determined that written notice was not a prerequisite of the foreclosure action and (2) granted the plaintiffs' motion for the appointment of a receiver of rents. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the defendant's claims. The plaintiffs commenced this foreclosure action following the defendant's default in payment of a mortgage note in the amount of $1,539,000. The action was commenced in November, 2005, and concerned property located at 618 Poquonnock Road in Groton. On or about December 20, 2005, the defendant filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut at New Haven. On or about April 13, 2007, the plaintiffs' motion for relief from the bankruptcy stay was granted by the Bankruptcy Court.

---

[1] The record discloses that Walter Johnson also was a defendant on the basis of the lis pendens he filed on the land records. This appeal is brought only by G. Thomas Johnson, to whom we refer as the defendant.

In June, 2007, the plaintiffs filed a motion for summary judgment. On July 23, 2007, the court, *Devine, J.*, granted the plaintiffs' motion for summary judgment and on August 6, 2007, rendered judgment of foreclosure by sale. The court ordered that the subject property be sold at a foreclosure sale on September 29, 2007, and found the debt to be $1,776,588.61 and the fair market value of the property to be $2 million. Attorney's fees were found to be $20,663.

On August 23, 2007, the defendant filed an appeal from the judgment of foreclosure by sale. In response to the committee's motion for advice, on September 7, 2007, the court, *Martin, J.*, ordered that the pending foreclosure sale should be stayed. On September 12, 2007, the plaintiffs filed a motion for the appointment of a receiver of rents to protect their interest in the subject property during the pendency of the appeal, pursuant to Practice Book § 21-20. In support of this motion, the plaintiffs noted that the defendant owed the town of Groton $102,465.12 for municipal property taxes and sewer charges and that on April 10, 2007, the defendant obtained a second mortgage loan in the amount of $304,000. The defendant objected to the plaintiffs' motion. Judge Martin granted the plaintiffs' motion on October 15, 2007. On October 18, 2007, the defendant filed an amended appeal, adding the issue of the granting of the plaintiffs' motion for the appointment of a receiver of rents.[2]

I

As to the motion for summary judgment, the defendant argues that the court incorrectly determined that

[2] The defendant brought to the court's attention that a hearing in a foreclosure action commenced by the town was scheduled to be held nine days after oral argument and suggested that this appeal may be moot. That representation alone does not compel us to believe that no practical relief can be granted. See *State* v. *T.D.*, 286 Conn. 353, 361–62, 944 A.2d 288 (2008).

notice was not required prior to instituting the foreclosure action. Because the plain language of the mortgage note indicates otherwise, we disagree.

We begin by setting forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of [a] trial court's decision to grant [a] defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *LaPenta* v. *Bank One, N.A.*, 101 Conn. App. 730, 736, 924 A.2d 868, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007).

A promissory note is a written contract for the payment of money, and, as such, contract law applies. *SKW Real Estate Ltd. Partnership* v. *Gallicchio*, 49 Conn. App. 563, 574, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998). In construing an unambiguous contract, the controlling factor is the intent expressed in the contract, "not the intent which the parties may have had or which the court believes they ought to have had." (Internal quotation marks omitted.) *Robinson* v. *Weitz*, 171 Conn. 545, 551, 370 A.2d 1066 (1976). "Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *De Leonardis* v. *Subway Sandwich Shops, Inc.*, 35 Conn. App. 353, 357, 646

A.2d 230, cert. denied, 231 Conn. 925, 648 A.2d 162 (1994). "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." (Internal quotation marks omitted.) *Sturman* v. *Socha,* 191 Conn. 1, 11–12, 463 A.2d 527 (1983).

The relevant language in the note is as follows: "Each of the following events shall be deemed to be an 'Event of Default' hereunder: (a) Failure by Grantor to pay (i) any periodic installment of interest or principal which shall become due and payable under the Note; or (ii) the outstanding principal balance on the Note, together with interest accrued thereon, at final or accelerated maturity or upon prepayment of the Note; or (iii) taxes and assessment or insurance premiums when due; or (iv) any other sums to be paid by Grantor hereunder or under any other instrument securing the Note, when due hereunder or thereunder; or (b) If default shall be made in due observance or performance of any other covenant or condition on the part of Grantor under this Mortgage Deed, the Note or any other document evidencing or securing the loan transaction which is the subject thereof, and such default shall have continued for a period of fifteen (15) days after written notice specifying such default and demanding that the same be remedied shall have been given to the Grantor by the Grantee, provided that if such default has not been cured but Grantor has commenced and proceeded diligently with good faith efforts to cure, said cure period shall be extended for such additional time, not exceeding forty-five (45) days as is reasonably necessary to effectuate such cure . . . ."

The language of the note is clear and unambiguous. It differentiates between monetary defaults in subsection (a) and nonmonetary defaults in subsection (b) and provides for notice of default and an opportunity to cure only with reference to the latter. The default in this case was for failure to make payments as promised.

There was no obligation to provide notice of default. See *Alco Standard Corp.* v. *Charnas*, 56 Conn. App. 568, 572, 744 A.2d 924 (2000).

Because the note did not require prior notice of default for failure to make payment and an opportunity to cure, there was no genuine issue of material fact, and summary judgment as to liability was rendered properly.

II

The defendant's second claim is that the court improperly granted the plaintiffs' motion for the appointment of a receiver of rents. We disagree.

"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 196 Conn. 172, 175, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). "The application for a receiver is addressed to the sound legal discretion of the court, to be exercised with due regard to the relevant statutes and rules, and such exercise is not to be disturbed lightly nor unless abuse of discretion or other material error appears." *Chatfield Co.* v. *Coffey Laundries, Inc.*, 111 Conn. 497, 501, 150 A. 511 (1930).

Our courts have considered a number of equitable factors when deciding whether to appoint a receiver of rents, including: (1) whether waste or loss is occurring; *Hartford Federal Savings & Loan Assn.* v. *Tucker*, supra, 196 Conn. 175; (2) the risk to the foreclosing party that he will recover less than the full amount of his debt, that is, whether the deficiency is certain or only threatened; e.g., *Prudential Ins. Co. of America* v. *Calabrese*, Superior Court, judicial district of Waterbury, Docket No. CV-95-0127550-S (August 11, 1995) (15

Conn. L. Rptr. 13); and (3) whether there are provisions in lending documents that allow or require the appointment of a receiver in the event of the mortgagor's default; *Jewett City Savings Bank* v. *Weiss*, Superior Court, judicial district of Windham, Docket No. CV-96-0053937-S (November 21, 1996) (holding that when mortgage deed permits appointment of receiver and there is likely deficiency after foreclosure, court may grant motion to appoint receiver); see also *Cross* v. *O'Neil*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-02-0189033-S (December 6, 2002) (33 Conn. L. Rptr. 449); *Webster Bank, N.A.* v. *Belinda Co.*, Superior Court, judicial district of New Britain, Docket No. CV-05-4004042-S (February 16, 2006).

Applying these factors to the present case, Judge Martin found that the defendant owed the town of Groton approximately $100,000 for municipal property taxes and sewer charges and that the amount was increasing and noted that a tax foreclosure action had been initiated. On this basis, the court concluded that loss to the plaintiffs was occurring. Next, the court considered whether a deficiency was likely. The court noted that "the majority of properties sold at foreclosure are typically quick or duress sales, which generate a purchase price below fair market value . . . ." The court also noted that the property was valued at $2 million and the defendant's debt, including the unpaid taxes and the attorney's fees, was approximately $1.9 million, with approximately $372 of additional debt accruing each day. On the basis of those facts, the court concluded "with substantial certainty that the plaintiffs will be unable to collect the full amount of their debt from the foreclosure of the property." Finally, with regard to the third factor, the court quoted a portion of the mortgage deed and security agreement that

expressly permitted the appointment of a receiver of rents.[3]

The court considered each of the equitable factors and, having done so, determined that the appointment of a receiver of rents was appropriate. We conclude that the court did not abuse its discretion in granting the plaintiffs' motion.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

---

[3] Paragraph ten of the mortgage deed and security agreement entitled "Receiver," states: "The Grantee in any action to foreclose this mortgage, or immediately upon the actual or imminently threatened waste to any part of the Mortgaged Premises, or immediately upon the occurrence of a default by the Grantor under the Mortgage, shall be at liberty to apply for the appointment of a receiver of rents and profits of the Mortgaged Premises, and shall be entitled to the appointment of such receiver as a matter of right, without consideration of the value of the Mortgaged Premises as security for the amounts due to the Grantee, or the solvency of any person or corporation liable for the payment of such amounts."