RICHARD A. DANZIG, TRUSTEE *v.* PDPA, INC., ET AL.
(AC 31456)

Lavine, Alvord and Bear, Js.

Argued September 20—officially released November 30, 2010

*Ahmed A. Dadi*, pro se, and *Patricia E. Dadi*, pro se, the appellants (defendants).

*Robert H. Weinstein*, for the appellant (defendant Mortgage Company, L.L.C.).

*Timothy P. Pothin*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendant Ahmed A. Dadi (Ahmed) appeals from the summary judgment and the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, Richard A. Danzig, trustee for the Defined Benefit Pension Trust. The defendant Patricia Dadi (Patricia) also appeals from the summary judgment rendered by the trial court in favor of the plaintiff.[1] On appeal, the defendants claim that the court improperly: (1) rendered summary judgment against them, as guarantors, despite the plaintiff's having withdrawn the

---

[1] Also named as defendants in the trial court were: PDPA, Inc. (PDPA); Ellen Rosenblit, trustee; and the Mortgage Company, L.L.C. These defendants are not parties to this appeal. PDPA, however, has filed a separate appeal, AC 31457. We will refer to Ahmed and Patricia individually by name and collectively as the defendants for purposes of this opinion.

complaint as to them, (2) granted the plaintiff's motions for summary judgment and for foreclosure despite the plaintiff's noncompliance with Practice Book § 17-44, (3) did not require the plaintiff's appraiser to testify and (4) exhibited judicial bias against Ahmed and all pro se parties in general.[2] We affirm the judgment of the trial court.[3]

The following relevant facts and complicated procedural history are gleaned from the record. On May 9,

[2] The defendants also claim that the court improperly: (1) did not permit either of them to represent PDPA, Inc. (PDPA), in the underlying foreclosure action, (2) did not permit attorney Stephen M. Basche to represent PDPA in the underlying foreclosure action, (3) denied PDPA's motion to set aside the court's order defaulting it for failure to set forth a defense and (4) upheld the default interest rate of 25 percent as set forth in the promissory note between the plaintiff and PDPA. We conclude that neither of the defendants has standing to raise these issues on appeal. These claims involve the rights of PDPA, a corporate entity. They do not involve the rights of the defendants, the appellants in this case. See generally *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546–47, 642 A.2d 62 ("The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity. . . . A corporation may not appear by an officer of the corporation who is not an attorney. . . . This is so, despite the fact that the officer may be the principal shareholder of that corporation." [Citation omitted; internal quotation marks omitted.]), cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994); *Triton Associates* v. *Six New Corp.*, 14 Conn. App. 172, 175–76, 540 A.2d 95 ("In Connecticut, a corporation may not appear pro se. . . . A corporation may not appear by an officer of the corporation who is not an attorney." [Citation omitted; internal quotation marks omitted.]), cert. denied, 208 Conn. 806, 545 A.2d 1104 (1988). Accordingly, we will not consider these claims.

[3] The plaintiff has brought to our attention the fact that the defendants have failed to provide this court with a signed transcript of the court's oral decision. See Practice Book § 64-1 (a). "When the record does not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review. . . . If there is an unsigned transcript on file in connection with an appeal, the claims of error raised by the plaintiff may be reviewed if this court determines that the transcript adequately reveals the basis of the trial court's decision." (Citation omitted; internal quotation marks omitted.) *Solano* v. *Calegari*, 108 Conn. App. 731, 734 n.4, 949 A.2d 1257, cert. denied, 289 Conn. 943, 959

2007, PDPA, Inc. (PDPA), and the plaintiff entered into a commercial arrangement. The plaintiff agreed to lend PDPA $1.3 million; PDPA signed a promissory note in that amount, which was secured by two parcels of land that it owned in Glastonbury, a 17.48 acre parcel and a 26.67 acre parcel (mortgaged property). Patricia, president and the alleged sole shareholder of PDPA, and Ahmed, vice president and agent for service of PDPA, executed a written guaranty of PDPA's obligation on the note to the plaintiff. The note matured on May 8, 2008.

On July 28, 2008, the plaintiff filed the present foreclosure action in Superior Court, alleging that PDPA had defaulted on the note and seeking a judgment of strict foreclosure of the mortgaged property and a deficiency judgment against PDPA and the defendants. The return date was August 12, 2008. On September 4, 2008, attorney Kevin L. Mason filed a general appearance for PDPA. On November 6, 2008, the plaintiff filed a motion for default against PDPA for failure to disclose a defense. On November 7, 2008, the defendants each separately filed an answer, special defenses and a counterclaim to the plaintiff's complaint, and, on November 10, 2008, Patricia filed an answer and disclosure of defenses on behalf of PDPA. Although neither of the defendants is an attorney, they argued that they should be permitted to represent PDPA in the foreclosure action, and, although Mason previously had filed his appearance for PDPA, the defendants argued that he was not hired for purposes of litigation and that his representation was limited. The court denied the defendants permission to represent PDPA, but it did give them two weeks to secure different counsel. On December 8, 2008, it granted the plaintiff's motion for default for failure to disclose a defense as against PDPA.

A.2d 1010 (2008). In this case, we conclude that the transcript adequately reveals the basis for the court's decision.

On December 5, 2008, PDPA transferred by warranty deed its rights, title and interest in the mortgaged property to Ahmed. Also on that date, Ahmed moved to be substituted as the party defendant in place of PDPA, which motion was denied by the court on December 8, 2008. On December 29, 2008, Ahmed moved to be made a party defendant in addition to PDPA. On January 15, 2009, the plaintiff withdrew his complaint against the defendants, thus effectively removing them from the plaintiff's case, although the defendants each had a counterclaim that remained pending against the plaintiff. On May 6, 2009, the court granted the motion of Ahmed to be named a party defendant as the new record owner of the mortgaged property. Thereafter, on May 11, 2009, the plaintiff filed an amended complaint to reflect Ahmed's ownership of the mortgaged property. On May 12, 2009, Ahmed, specifically as record owner of the mortgaged property, filed an answer, special defenses and a counterclaim. Ahmed, specifically as guarantor on the note, filed a separate amended answer, special defenses and a counterclaim in response to the plaintiff's amended complaint, although no claim was pending against him in his capacity as guarantor. On May 22, 2009, the plaintiff filed a motion for summary judgment against the defendants. On June 15, 2009, the plaintiff filed an amended motion for a judgment of strict foreclosure of the mortgaged property.

On June 17, 2009, attorney Steven M. Basche filed an appearance on behalf of PDPA in lieu of the appearance of Mason. The plaintiff's motion for a judgment of strict foreclosure appeared on the short calendar of June 29, 2009. On that day, Basche filed an answer, special defenses and counterclaim on behalf of PDPA. He also filed a motion to set aside the default for failure to disclose a defense. The court denied PDPA's motion to set aside the default, granted the plaintiff's motion for

summary judgment against the defendants and rendered judgment of foreclosure by sale, finding the debt to be $1,676,458. Subsequent motions to reargue or to reopen filed by the defendants and PDPA were denied by the court. This appeal followed.

I

On appeal, the defendants claim that the court improperly rendered summary judgment against them, as guarantors, despite the plaintiff's having withdrawn the complaint as to them. The plaintiff argues that the defendants misconstrue the ruling of the court, which was to render summary judgment against the defendants on their counterclaims against the plaintiff. We agree with the plaintiff.

Although the plaintiff had withdrawn his claim for a deficiency judgment against the defendants, the defendants each had filed a two count counterclaim against the plaintiff, one count asserting that each of the them was harmed by the loss of the sale of the mortgaged property, and the other count asserting a claim that the plaintiff had violated the covenant of good faith and fair dealing in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The counterclaims asserted by each of the defendants remained in the case until the court rendered summary judgment on those counts. Accordingly, we conclude that this claim has no merit.

II

The defendants next claim that the court improperly heard the plaintiff's motions for summary judgment and for strict foreclosure despite the plaintiff's noncompliance with Practice Book § 17-44 and that it improperly rendered judgment in favor of the plaintiff.[4] We are not persuaded.

---

[4] We note that for purposes of this claim, Patricia only has standing to raise a claim regarding the court's rendering of summary judgment in favor of the plaintiff on her counterclaim. She has no standing related to the

Practice Book § 17-44 provides in relevant part that "any party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. . . ." First, we note that the defendants incorrectly assert that the case had been assigned for trial by the court, *Prescott, J.*, during the May 6, 2009 hearing. A review of the transcript makes it clear that Judge Prescott told the parties that the court would await further action by the plaintiff before any further scheduling would take place. After Judge Prescott granted Ahmed's request to be made a party defendant during that hearing, it became compulsory that the plaintiff file an amended complaint naming Ahmed as a party. The record also demonstrates that no certificate of closed pleadings had been filed, and, in fact, the pleadings were not closed. Accordingly, the requirement that the plaintiff obtain permission of the court before filing a motion for summary judgment, pursuant to Practice Book § 17-44, simply did not apply.[5]

Next, we consider the second part of the defendants' claim, namely, that the court improperly rendered judgment in favor of the plaintiff. Although their brief is unclear, the defendants appear to argue that they were denied due process by the court's rendering of judgment in favor of the plaintiff without a trial. They state in their brief that "[i]t is also fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." They then argue that "there were several material

court's rendering of the judgment of foreclosure. Because the defendants briefed their claims together, and because they make the same argument, we will consider the claims together.

[5] This is not to say that the court would not have had discretion to consider the motion for summary judgment had it been filed after trial had been scheduled. On the basis of the record before us, we need not rule on the propriety of such an action.

issues of facts and law that needed to be heard at a meaningful time and in a meaningful manner with proper presentation of facts and witnesses on various issues . . . ."

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of [a] trial court's decision to grant [a] defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Antonino* v. *Johnson*, 113 Conn. App. 72, 75, 966 A.2d 261 (2009).

In this case, on June 29, 2009, the court held a hearing on the plaintiff's motion for summary judgment and his motion for a judgment of strict foreclosure. Any claim that the defendants were denied an opportunity to be heard is without merit. The record reveals that the court fully heard the arguments presented by both sides before rendering its decision. The transcript of this hearing is fifty pages long.

The plaintiff had filed a motion for summary judgment on May 22, 2009, against the defendants, asserting that he had established, through his affidavit, a prima facie case that the mortgage was in default, that a judgment of foreclosure should enter in his favor and that summary judgment against the defendants should be rendered in his favor. In support of his motion for summary judgment, the plaintiff submitted an affidavit, documentary exhibits and a memorandum of law to the trial

court. In opposition, the defendants failed to submit any affidavit or other documentary evidence showing the existence of any material fact. Their memorandum of law also reveals that they presented no legal arguments addressing the question of the sufficiency of their counterclaims. After a full hearing on the merits of the plaintiff's motions, the court rendered judgment. On the basis of the record before us, we are unable to conclude that the court improperly rendered judgment in favor of the plaintiff.

## III

The defendants' next claim relates to the plaintiff's appraisal report and their own appraisal report. The entire claim, argument and analysis is as follows: "In any foreclosure, testimony of an appraiser of the property is mandatory if the opposing party disputes the appraiser's value. Defendants-appellants disputed in their pleadings [the] plaintiff's appraised value of the premises from the very beginning of this case because the appraiser had based its appraisal on old, obsolete facts. The appraiser also had conflict of interest because he had done [an] appraisal of the same property about two years before for the defendants-appellants. [The court] denied defendants-appellants [an] opportunity to present their own current appraisal of the property, which would have shown the value of premises to be closer to $4 million."[6]

Because the defendants do not develop their claim with any citation to authority or legal analysis, we conclude that the claim is briefed inadequately. See *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008) ("We are not obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of

---

[6] On June 29, 2009, after a hearing, the court ordered a foreclosure by sale instead of the strict foreclosure requested by the plaintiff.

the claim, it is deemed to have been waived. . . . In addition, mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice." [Citations omitted; internal quotation marks omitted.]). Accordingly, we decline to afford it review.

## IV

The final claim of this appeal is raised by Ahmed. He claims that the court was "prejudice[d] against [him] in particular and [against] pro se parties in general."[7] We begin by noting the inadequacy of Ahmed's brief on this issue. The brief cites no law or standard by which an appellate court is to review a claim of judicial bias, nor does it contain any legal analysis. Rather, Ahmed merely points to one particular statement made by Judge Freed during the November 24, 2008 hearing in which the court heard argument on PDPA's motion for additional time to secure a different attorney.[8] The particular statement that Ahmed points to is: "If you think you're just going to stall this around, you're mistaken." Ahmed then argues that this statement "clearly indicates [the] judge's bias and presumption that [his] request . . . for addition[al] time to engage an attorney to represent and defend PDPA . . . was [an] intentional dilatory tactic by Ahmed . . . ." We conclude that this claim has no merit.[9]

---

[7] On December 5, 2008, Ahmed filed a motion to disqualify Judge Freed. This motion was denied on December 8, 2008. Accordingly, this issue is preserved for our review.

[8] We point out that on November 24, 2008, PDPA was represented by Mason, who, on September 4, 2008, had filed a general appearance for PDPA. On June 17, 2009, Basche filed an appearance on behalf of PDPA in lieu of the appearance of Mason. At all relevant times, therefore, PDPA was represented by counsel.

[9] Ahmed specifically had requested two additional weeks to secure substitute counsel. The court, although stating that it thought this was a stalling tactic, agreed to the request after making sure Ahmed understood that the case would move forward after that time:

"The Court: If I thought anything would happen in two weeks, I would give him two weeks, but I don't think anything is going to happen except he's going to come up with something else.

"Accusations of judicial bias . . . implicate the basic concepts of a fair trial. . . . The appearance as well as the actuality of [partiality] on the part of the trier will suffice to constitute proof of bias sufficient to warrant disqualification. . . . Canon 3 (c) (1) [of the Code of Judicial Conduct] provides in relevant part: A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (A) the judge has a personal bias or prejudice concerning a party . . . . To prevail on [his] claim of a violation of this canon, the [defendant] need not show actual bias. The [defendant] has met [his] burden if [he] can prove that the conduct in question gave rise to a reasonable appearance of impropriety." (Internal quotation marks omitted.) *Watrous* v. *Watrous*, 108 Conn. App. 813, 834, 949 A.2d 557 (2008).

Although Ahmed claims that the quoted statement of Judge Freed regarding stalling tactics demonstrates that the court was prejudiced against him, a review of the transcript of the hearing and of the court's ruling on PDPA's motion for additional time demonstrates that the court, although expressing its concern that Ahmed was attempting to stall the proceedings, listened to his argument and, in fact, granted him the additional two weeks that he had requested on behalf of PDPA to

"Ahmed Dadi: No. We are going to have somebody representing to file pleadings for PDPA. . . .

\* \* \*

"The Court: Are you saying if I give you two weeks, you will come in here with another lawyer?

"Ahmed Dadi: Yes.

"The Court: And ready to go? Are you saying that? . . . In two weeks, if I gave you two weeks, will you come into this court with another lawyer and be ready to do whatever you want to do with this case?

"Ahmed Dadi: Yes, Your Honor.

"The Court: And if you fail to do that, we will go ahead. You understand that?

"Ahmed Dadi: Yes, I understand that.

"The Court: All right. You can have two weeks and that's all."

seek a different attorney. Ahmed has cited to only one sentence in a transcript of a case that has been pending in our courts since mid-2008 to prove his claim that the court was prejudiced or biased against him. Our own review of the record in this case reveals nothing that would demonstrate that the court's conduct was inappropriate under the circumstances of this case. Accordingly, we find no merit to Ahmed's claim of judicial bias.

The judgment is affirmed.

In this opinion the other judges concurred.