### ANN RYAN *v.* WALTER VERA
### (AC 32890)

Bear, Espinosa and Pellegrino, Js.

Argued February 7—officially released May 29, 2012

*Marianne Charles*, for the appellant (defendant).

*Simon Sumberg*, for the appellee (plaintiff).

*Opinion*

ESPINOSA, J. The defendant, Walter Vera, appeals from the judgment of the trial court denying his post-judgment motion to open and vacate its order finding him in contempt for failure to comply with an agreement entered into by him with the plaintiff, Ann Ryan, in connection with the underlying judgment dissolving their marriage. On appeal, the defendant claims that the trial court abused its discretion in denying his motion to open and vacate the order finding him in contempt. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our consideration of this appeal. The parties' marriage was dissolved on March 1, 2006.

The judgment dissolving the marriage incorporated by reference a separation agreement entered into by the parties. Under this agreement, the defendant would retain ownership of the marital residence, which is located in New York. The agreement provided that the defendant would pay the plaintiff $50,000, and, in consideration for this payment, the plaintiff would transfer by quitclaim deed her interest in the marital residence to the defendant. Furthermore, under the agreement, the defendant would be responsible for all costs of ownership and would refinance the marital residence within sixty days of the dissolution judgment in order to remove the plaintiff's name from the mortgage and the promissory note.

The defendant paid the plaintiff $50,000 on March 1, 2006, the date of the dissolution judgment. On August 22, 2006, the plaintiff filed a motion for contempt on the basis of the defendant's failure to refinance the marital residence and remove her name from the mortgage and the promissory note. The court entered an order by agreement of the parties that provided that the plaintiff would be reimbursed $2922.66 for paying the August, 2006 mortgage payment, $1500 in attorney's fees and $200 in costs. Additionally, the agreement provided that the defendant would have until November 1, 2006, to comply with the dissolution judgment by refinancing or selling the marital residence. Under the agreement, if the defendant failed to sell the residence by December 1, 2006, the plaintiff could undertake the obligation to sell it, and she would be entitled to a certain percentage of the sales proceeds. The plaintiff filed a second motion for contempt on September 13, 2007, alleging that the defendant had interfered with her efforts to sell the marital residence. On December 10, 2007, the court granted that motion and ordered the defendant to sign all of the documents necessary to list the marital residence for sale.

The plaintiff filed the motion for contempt that is the basis of this appeal on March 15, 2010. The motion alleged that the defendant continued to refuse to cooperate with the sale of the marital residence. On March 15, 2010, the court held a hearing on the motion. The defendant had proper notice of the hearing, but, for reasons not detailed at any point in the record, he did not attend. At the conclusion of the hearing, the court found the defendant in contempt for refusing to sign the listing documents. The court ordered the transfer of the title to the marital residence to the plaintiff so that she could effectuate the sale of the property without the defendant's interference. Additionally, the court ordered that the plaintiff would receive the first $50,000 of the proceeds from the sale of the property, and the defendant would receive the remainder.

On July 12, 2010, the defendant filed a motion to open and vacate the March 15, 2010 judgment. The court denied this motion on September 3, 2010. On September 21, 2010, the defendant filed a motion for articulation and a motion to reargue the denial of his motion to open. On September 27, 2010, the court granted the defendant's motion to reargue and issued the following articulation regarding its denial of the motion to open: "Since the defendant gave no explanation for his failure to appear at the March 15, 2010 hearing, the court felt [that] the defendant failed to make allegations requiring an opening of the judgment. The court feels the defendant has made sufficient allegations for a reargument."

The court heard argument on the defendant's motion to open on October 28, 2010. At the conclusion of the hearing, the court vacated that portion of its March 15, 2010 judgment awarding the plaintiff the first $50,000 of any proceeds from the sale of the marital property, because the defendant already had made this $50,000 payment to the plaintiff. The court left all other aspects

of the judgment intact. The defendant filed the present appeal on November 15, 2010.

On appeal, the defendant claims that the trial court abused its discretion in denying his motion to open and vacate its March 15, 2010 judgment finding him in contempt. He argues that he satisfied his burden under the two part test for opening a judgment[1] and that, at the October 28, 2010 hearing, the court denied him the opportunity to present evidence demonstrating why the judgment should be opened. We disagree.

"The denial of a motion to open is an appealable final judgment. . . . Although a motion to open can be filed within four months of a judgment . . . the filing of such a motion does not extend the appeal period for challenging the merits of the underlying judgment unless filed within the [twenty day period provided by Practice Book § 63-1]. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time to appeal." (Citation omitted; internal quotation marks omitted.) *Worth* v. *Korta*, 132 Conn. App. 154, 158–59, 31 A.3d 804 (2011), cert. denied, 304 Conn. 905, 38 A.3d 1201 (2012).

The following additional procedural history is relevant to our consideration of the defendant's claims. In

---

[1] See *Tsitaridis* v. *Tsitaridis*, 100 Conn. App. 115, 119, 916 A.2d 877 (2007) ("[General Statutes §] 52-212 requires a party moving for the opening of a judgment to make a two part showing that: [1] a good defense existed at the time an adverse judgment was rendered; and [2] the defense was not at that time raised by reason of mistake, accident or other reasonable cause" [internal quotation marks omitted]).

his preliminary statement of issues filed with this court, the defendant identified ten separate issues on appeal. Essentially, the defendant claimed that the court abused its discretion in rendering the March 15, 2010 judgment and in denying his subsequent motion to open and vacate that judgment. On November 24, 2010, the plaintiff filed a motion to dismiss the appeal as untimely and moot. Because the defendant filed his motion to open on July 12, 2010, more than twenty days after the March 15, 2010 judgment, this court granted the plaintiff's motion to dismiss the appeal except as to the portion of the appeal challenging the denial of the defendant's motion to open. Our review, therefore, is limited to whether the court abused its discretion in denying the defendant's motion to open.

"The court's denial of the plaintiff's motion to open cannot be held to be an abuse of discretion if it appears that the plaintiff has not been prevented from prosecuting the claim by mistake, accident, or other reasonable cause. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) Id., 160.

General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that

the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

We conclude that the court did not abuse its discretion in denying the defendant's motion to open. The defendant did not represent to the court that he was prevented by mistake, accident or other reasonable cause from attending the March 15, 2010 hearing. To the contrary, he has provided no reason whatsoever explaining why he did not attend that hearing. The court, in its September 27, 2010 articulation of its denial of the motion to open, expressly relied on the defendant's failure to show reasonable cause for his absence: "Since the defendant gave no explanation for his failure to appear at the March 15, 2010 hearing, the court felt [that] the defendant failed to make allegations requiring an opening of the judgment." Because the defendant failed to show any reasonable cause for not attending the March 15, 2010 hearing, the court did not abuse its discretion in denying the defendant's motion to open.

Furthermore, we are not persuaded by the defendant's argument that the court denied him the opportunity at the October 28, 2010 hearing to present evidence that would have explained why he did not attend the March 15, 2010 hearing. At the beginning of the hearing, the following colloquy between the court and counsel for the defendant occurred:

"The Court: Okay. Are you planning to put on some evidence?

"[The Defendant's Counsel]: Yes, Your Honor, I believe this—just so the court is aware this hearing may take more than an hour. I'm not really sure how much time the court is giving us to—to present our evidence."

The defendant did not raise the issue again, however, and the court at no time ruled that it would not hear

any evidence. On this record, we cannot conclude that the court prevented the defendant from presenting evidence that would have demonstrated why he did not attend the March 15, 2010 hearing. The defendant had the opportunity to present the court with such evidence, but he failed to do so.

The judgment is affirmed.

In this opinion the other judges concurred.