FORT TRUMBULL CONSERVANCY, LLC *v.* ANTONIO H. ALVES ET AL.
(AC 33627)

Beach, Robinson and Peters, Js.

Argued October 25, 2012—officially released January 15, 2013

*Scott W. Sawyer,* with whom was *Lorna Dicker,* for the appellant (plaintiff).

*Edward B. O'Connell,* with whom, on the brief, was *Mark S. Zamarka,* for the appellee (defendant New London Development Corporation).

*Jeffrey T. Londregan,* for the appellee (defendant city of New London).

*Opinion*

PETERS, J. The plaintiff, a limited liability company formed to preserve and protect the continuity, historic importance and environmental status of the Fort Trumbull area of the city of New London, has engaged in extensive challenges to the implementation of the city's redevelopment plan, which requires the condemnation and demolition of buildings located in Fort Trumbull.[1] Although General Statutes § 22a-16[2] gives the plaintiff standing to pursue its present claims that the demolition of these buildings was illegal; *Fort Trumbull Conservancy, LLC* v. *New London,* 282 Conn 791, 805, 925

[1] See *Fort Trumbull Conservancy, LLC* v. *Alves,* 286 Conn. 264, 943 A.2d 420 (2008); *Fort Trumbull Conservancy, LLC* v. *New London,* 282 Conn. 791, 925 A.2d 292 (2007); *Fort Trumbull Conservancy, LLC* v. *Planning & Zoning Commission,* 266 Conn. 338, 832 A.2d 611 (2003); *Fort Trumbull Conservancy, LLC* v. *New London,* 265 Conn. 423, 829 A.2d 801 (2003); *Fort Trumbull Conservancy, LLC* v. *Alves,* 262 Conn. 480, 815 A.2d 1188 (2003).

[2] General Statutes § 22a-16 entitled "Action for declaratory and equitable relief against unreasonable pollution," provides in relevant part: "The Attorney General . . . [or] any instrumentality or agency of the state . . . may maintain an action in the superior court for the judicial district wherein the defendant is located, resides or conducts business . . . for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity, acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . ."

A.2d 292 (2007); the trial court found that the plaintiff had failed to present sufficient evidence to establish the merits of its claims. The plaintiff appeals from the court's subsequent judgment in favor of the defendants. We affirm the judgment of the court.

On May 16, 2008, the plaintiff, Fort Trumbull Conservancy, LLC, filed a second revised two count complaint for a declaratory judgment and equitable relief, in which it alleged that the defendant New London Development Corporation acting pursuant to its plan for the redevelopment of Fort Trumbull on behalf of the defendant, the city of New London (city),[3] had violated (1) General Statutes § 22a-16 by the destruction and demolition of Fort Trumbull properties and (2) General Statutes § 22a-220 (f)[4] by failing to meet established recycling and source reduction goals and by overburdening the state's solid waste disposal facilities. The plaintiff sought injunctive, declaratory and monetary relief. The defendants denied their liability and filed numerous special defenses. After an evidentiary hearing, the trial court held that the plaintiff had failed to prove its case and rendered judgment in favor of the defendants on both counts of the plaintiff's complaint. The plaintiff has appealed.

In addition to numerous exhibits, the plaintiff presented the following evidence at trial that is relevant to this appeal. Sarah Steffian, the vice president of the

[3] The complaint also cited Antonio H. Alves, the city's building official, as a defendant, but the complaint against him has been dismissed. *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 485, 815 A.2d 1188 (2003). We therefore refer to the New London Development Corporation and the city as the defendants and individually by name where appropriate.

[4] General Statutes § 22a-220 (f) provides in relevant part: "On and after January 1, 1991, each municipality shall, consistent with the requirements of section 22a-241b, make provisions for the separation, collection, processing and marketing of items generated within its boundaries as solid waste and designated for recycling by the commissioner [of environmental protection] pursuant to subsection (a) of section 22a-241b. . . ."

plaintiff's organization, described its function, membership and the geographical features of Fort Trumbull, before and after implementation of the city's municipal redevelopment plan. She testified that, in her view, the demolition process undertaken by the defendants had caused unreasonable harm to the environment.

John F. Brooks, a consultant to the New London Development Corporation, testified about the formulation of the municipal redevelopment plan for Fort Trumbull and the environmental implementation evaluation that accompanied the plan. He described the demolition process for buildings that stood in the way of implementation of the municipal redevelopment plan. That process envisaged having demolition contractors separate out and resell materials that could be recycled, as well as having them utilize dust suppression procedures at the demolition site.

Kathleen Mitchell and Michael Christofaro testified to observing the demolition of Fort Trumbull buildings. They stated that they had observed no recycling and no dust amelioration procedures.

Robert DeSanto, a consulting ecologist, testified as an expert witness on environmental impact evaluations. In his view, the environmental impact planning process for Fort Trumbull should have more intensively considered alternatives to demolition such as recycling and reuse. Although DeSanto had conducted no tests of any kind at any Fort Trumbull demolition site, he opined that the demolition that had occurred and was continuing to occur was causing unreasonable harm to Connecticut natural resources.[5]

Finally, Kevin H. Gardner, a professor of civil engineering and a director of the Recycled Materials

---

[5] New London Development Corporation points out in its appellate brief that "[a]lthough . . . DeSanto prepared a written report, the plaintiff failed to offer the report into evidence."

Resource Center, testified on environmental impacts associated with different waste management options. Although he had not visited the Fort Trumbull site until the day before his court appearance, his review of the environmental impact evaluation for Fort Trumbull and the municipal redevelopment plan relating thereto persuaded him that the defendants had failed to consider adequately alternatives to demolition and had not given sufficient weight to adverse environmental consequences associated with demolitions. Gardner assumed that Connecticut landfills had been burdened by the construction debris associated with the demolitions at Fort Trumbull. He acknowledged that he could not offer an opinion about the amount of pollutants that the Fort Trumbull demolitions actually had deposited into the environment. His critical assessment relied in part on environmental standards that had been articulated in studies that were published subsequent to the formulation of the environmental impact evaluation plan for Fort Trumbull.

For the defendants, in addition to their documentary evidence, three witnesses, Charles Barberi, Charles Mercier and Gail Balavender, testified about their companies' business practices in performing demolitions at Fort Trumbull. Those practices routinely included a predemolition inspection of the property to remove recyclables and a sorting out of recyclables for reuse after completion of the demolition. Each witness also described his or her company's regular use of dust suppression techniques. In addition, Barberi testified that demolition debris routinely was brought to sites outside of Connecticut, and thus was not overburdening Connecticut landfills.

Jeanine Gouin, a civil engineer, testified as the project manager of the company that authored the environmental impact evaluation statement that related to Fort Trumbull. In her view, demolition of some of the

existing structures in the Fort Trumbull area was necessary to create the large tracts contemplated by the municipal redevelopment plan.

William Watkins, the solid waste and fleet manager for the city, testified about the city's policies and procedures with respect to waste collection at the city's transfer station. Although the city maintains garbage pickup trucks that collect garbage and municipal solid waste that they bring to the transfer station, in 2008 and 2009, no construction or demolition debris was ever brought there.

Diane Duva, the assistant director of the waste engineering and enforcement division of the department of environmental protection, testified about the filing of reports relating to municipal solid wastes *other than* construction and demolition waste. In that respect, the city had not initially filed timely reports, but had done so by the time of her testimony. As a matter of policy, she agreed with the plaintiff that solid waste management plans should encourage reuse and recycling in preference to disposal.

At the conclusion of the evidentiary hearing, the parties submitted briefs describing their claims of law as they related to the factual record before the court. After oral argument, the court rendered its decision in favor of the defendants on both counts of the plaintiff's complaint. Although the court concluded that it had jurisdiction because the defendants were still engaged in the implementation of the municipal redevelopment plan, it held that, "factually speaking, the plaintiff has failed to prove not only the substantive harm which will result in the defendants' judgment on the first count but has failed to even prove the technical violation as alleged in count two."

More specifically, with respect to the plaintiff's first count alleging environmental harm from the demolition

of buildings at Fort Trumbull, the court found that the plaintiff "has simply failed to meet its burden of proof. . . . Gardner's report and his testimony [are] among the worst that this jurist has heard in his long career on the bench. His testimony [this] court does not credit. His leaping to conclusions from partial and inaccurate filings with [the department of environmental protection] and his lack of care in presentation I think was best described by Attorney [Edward B.] O'Connell's one size fits all description of . . . Gardner's report."

Summarizing its legal conclusion, the court held that "the plaintiff has failed to prove either in fact unreasonable harm or any reasonable likelihood of unreasonable harm in the past during the demolition process and also has failed to prove any reasonable likelihood of unreasonable harm in the future." Accordingly, it rendered judgment in favor of the defendants. Subsequently, the court denied the plaintiff's motions to open the judgment, for reconsideration and for articulation of the reasons for its judgment.

I

The plaintiff's appeal raises three issues with respect to the court's adverse ruling on count one of its complaint. The plaintiff maintains that the court's adverse findings of fact were clearly erroneous because (1) the court failed to consider all the relevant evidence and (2) the court improperly required the plaintiff to present persuasive expert evidence. Furthermore, the plaintiff maintains that the court's adverse factual findings were improper as a matter of law because the court mistakenly had required the plaintiff to prove that the defendants' conduct had caused "any reasonable likelihood of unreasonable harm in the past during the demolition process . . . [or] in the future." We disagree.

"In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the

weight to be given specific testimony. . . . It is within the province of the trial court, as the fact finder, to weigh the evidence presented and determine the credibility and effect to be given the evidence." (Citation omitted; internal quotation marks omitted.) *Cadle Co.* v. *D'Addario*, 268 Conn. 441, 462, 844 A.2d 836 (2004); see also *Fort Trumbull Conservancy, LLC* v. *New London*, 135 Conn. App. 167, 178, 43 A.3d 679, cert. denied, 307 Conn. 905, 53 A.3d 220 (2012). Contrary to the plaintiff's representation, there is no evidence of record that the court faulted the plaintiff for failing to present more expert testimony or, indeed, required the plaintiff to present any expert testimony at all. The court simply found, as was its prerogative, that the evidence that the plaintiff did present was unpersuasive.

The propriety of the legal standard of proof to which the court held the plaintiff in this case has recently been reaffirmed by this court. In *Fort Trumbull Conservancy, LLC* v. *New London*, supra, 135 Conn. App. 179–82, we explained that General Statutes § 22a-17,[6] which describes the burden of proof for claimants under § 22a-16, requires the plaintiff to prove causation, which is essential to such a claim, by establishing that "the conduct of the defendant, acting alone, or in combination with others, has, or is reasonably likely *unreasonably* to pollute, *impair* or destroy the public trust in the air, water or other natural resources of the state . . . ."

---

[6] General Statutes § 22a-17 provides in relevant part: "When the plaintiff in any such action has made a prima facie showing that the conduct of the defendant, acting alone, or in combination with others, has, or is reasonably likely unreasonably to pollute, impair or destroy the public trust in the air, water or other natural resources of the state, the defendant may rebut the prima facie showing by the submission of evidence to the contrary. The defendant may also prove, by way of an affirmative defense, that, considering all relevant surrounding circumstances and factors, there is no feasible and prudent alternative to the defendant's conduct and that such conduct is consistent with the reasonable requirements of the public health, safety and welfare. . . ."

(Emphasis in original; internal quotation marks omitted.) *Waterbury* v. *Washington,* 260 Conn. 506, 550, 800 A.2d 1102 (2002). To establish a prima facie case under [§ 22a-16], the plaintiff must prove that the defendant's conduct was causing something more than a de minimis impairment of the environment. See, e.g., *Fort Trumbull Conservancy, LLC* v. *New London,* supra, 135 Conn. App. 181–82.

The plaintiff in this case, therefore, as the court held, was required to prove that the conduct of the defendants, alone or in combination with others, very likely caused not merely a de minimis pollution, impairment or destruction of a natural resource, but an unreasonable one. The court reasonably found that the plaintiff had failed to satisfy this demanding standard.

II

In the second count of its second revised complaint, the plaintiff alleged that the city had violated § 22a-220 by (1) creating and implementing a municipal redevelopment plan that authorized demolition of Fort Trumbull properties without adequately considering the undesirable environmental consequences of demolitions, (2) failing fully to comply with statutory filing requirements, (3) failing to comply with statutory recycling goals and requirements and (4) failing to manage the city's solid waste stream to avoid unreasonable harm to the environment. The city denied its liability. The court held that "there is no per se violation as a matter of law" and that the plaintiff had "failed to even prove the technical violation as alleged in count two [of its complaint]."

Preliminarily, the plaintiff reiterates its claim that the city improperly implemented a municipal redevelopment plan that, in the plaintiff's view, failed to consider its adverse environmental consequences. As we have

held in part I of this opinion, the plaintiff has failed to prove this claim.

The plaintiff's contention that the city's failure to comply with certain specific mandates of § 22a-220 automatically established a violation of § 22a-16 rests on a statement of our Supreme Court in *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 502, 815 A.2d 1188 (2003). The court there stated that "[w]e express no opinion in this case as to the scope of the city's responsibilities for disposal of the demolition debris under § 22a-220 [governing disposal of solid waste] or whether proof of a violation of that statute would establish a per se violation of [§ 22a-16]." Id.

The city disputes the plaintiff's representation of the applicable legal principle and of the relevant facts. As the city notes, our Supreme Court has given further guidance on the relationship between §§ 22a-16 and 22a-220. Clarifying the statement on which the plaintiff relies, the Supreme Court, in 2008, held that "the mere allegation that a defendant has failed to comply with certain technical or procedural requirements of a statute imposing environmental standards does not, in and of itself, give rise to a colorable claim of unreasonable pollution under [§ 22a-16]." *Fort Trumbull Conservancy, LLC* v. *New London*, supra, 282 Conn. 808.

There are, therefore, two issues we must consider on appeal with respect to count two: (1) whether the court properly concluded, as a matter of law, that the applicable mandates of § 22a-220 imposed only "technical or procedural requirements" and their violation, therefore, could not support a finding of unreasonable pollution, and (2) whether the court properly concluded that the plaintiff failed to prove that the city had violated those provisions of § 22a-220 that were not merely technical or procedural.

The plaintiff alleged that the city had violated § 22a-220 (h)[7] by its failure to comply with the statute's reporting requirements. The plaintiff has not, however, provided a reasoned argument for characterizing the failure to file reports in a timely fashion as anything other than "technical or procedural." Accordingly, as the court correctly held, these violations of the statute do not support the plaintiff's claim of a violation of § 22a-16.

Alternatively, the plaintiff alleged that the city's demolition practices violated § 22a-220 (f) by failing to meet the statute's recycling goals for the disposal "of the solid waste generated in each municipality . . . ." (Internal quotation marks omitted.) The city disputes the applicability of this statute under the circumstances of this case. Presumably, the plaintiff's claim must arise out of its disagreement with the propriety of the city's disposal of demolition debris. The city notes, however, that the definition of "municipal solid waste" in General Statutes § 22a-207 (23)[8] expressly excludes "demolition debris." The plaintiff fails to address this question of statutory interpretation, for which our review is plenary; see *Lamar* v. *Boehringer Ingelheim Corp.*, 138

[7] General Statutes § 22a-220 (h) provides in relevant part: "On or before September 30, 2010, and annually thereafter, each municipality, or its designated regional agent, shall provide a report to the Commissioner of Environmental Protection describing the measures taken during the preceding year to meet its obligations under this section. . . . Such report shall include, but not be limited to, (1) a description of the efforts made by the municipality to promote recycling, (2) a description of its efforts to ensure compliance with separation requirements, (3) an identification of the first destinations that received solid waste, including recyclable material generated in the municipality's borders, and (4) the actual or estimated amount of such disposed solid waste and recyclable material that has been delivered to a first destination that is out of state or a Connecticut end user. . . ."

[8] General Statutes § 22a-207 (23) provides: " 'Municipal solid waste' means solid waste from residential, commercial and industrial sources, excluding solid waste consisting of significant quantities of hazardous waste as defined in section 22a-115, land-clearing debris, demolition debris, biomedical waste, sewage sludge and scrap metal."

Conn. App. 826, 832–33, 54 A.3d 1040 (2012); either in its principal brief on appeal or in its reply brief. Accordingly, we agree with the court's conclusion that the plaintiff has failed to establish even a technical violation of § 22a-220.

### III

After the conclusion of the trial and the court's judgment in favor of the defendants, the plaintiff filed motions to open the judgment, for reconsideration and for articulation,[9] all of which the court denied without opinion. The plaintiff alleges that each of these adverse rulings was an abuse of the court's discretion. We agree with the plaintiff that the proper resolution of the plaintiff's motions for reconsideration and to open the judgment required the exercise of the court's discretion. See, e.g., *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App. 469, 479, 886 A.2d 837 (2005), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006); *Ryan* v. *Vera*, 135 Conn. App. 864, 868, 43 A.3d 221 (2012). We disagree, however, with the plaintiff's contention that it has established any impropriety in the court's rulings. For the same reasons we have discussed in parts I and II of this opinion, the court did not abuse its discretion in denying the plaintiff's postjudgment motions.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] This court denied the plaintiff's request that we order the trial court to respond to the motion for articulation. We granted the plaintiff's motion for review, but denied the relief requested therein.