# USA BANK *v.* STEVEN V. SCHULZ
## (AC 34702)

Gruendel, Sheldon and Flynn, Js.

Argued April 23—officially released June 18, 2013

*Steven V. Schulz*, pro se, the appellant (defendant).

*David P. Friedman*, with whom was *Taruna Garg*, for the appellee (substitute plaintiff).

*Opinion*

SHELDON, J. The defendant in this foreclosure action, Steven V. Schulz, appeals to this court from the denial of his "motion to open judgment and extend law day" dated May 25, 2012, which the trial court denied without opinion on May 29, 2013. Notwithstanding its title, the subject motion sought only to reargue the earlier motion of the plaintiff Customers Bank[1] for summary judgment as to liability only dated July 6, 2011, which the trial court previously granted, also without opinion, on October 20, 2011. The defendant claims that the trial court erred in granting the plaintiff's summary judgment motion, on the basis of which it later rendered a judgment of strict foreclosure as to a commercial property in Ridgefield on which he had given the plaintiff a mortgage on which he defaulted, because it ruled on that motion when he was unrepresented by counsel due to his lawyer's temporary suspension from the practice of law. The defendant claims that the trial court erred in denying his motion to open judgment so that he might reargue the plaintiff's motion for summary

---

[1] Customers Bank, the successor in interest to the named plaintiff, USA Bank, was substituted as the plaintiff in this action. We therefore refer in this opinion to Customers Bank as the plaintiff.

judgment as to liability with the assistance of new counsel.

The plaintiff opposes the defendant's claim on several grounds, noting as a threshold matter that the one true focus of the claim is the alleged impropriety of the court's order granting summary judgment in favor of the plaintiff as to liability, upon which the judgment of strict foreclosure that he now seeks to open was based. Because the defendant failed to appeal from that judgment within twenty days of the date when notice of the judgment was given, as required by Practice Book § 63-1 (a), and likewise failed to move for reargument as to either the plaintiff's motion for judgment of strict foreclosure or its underlying motion for summary judgment on the issue of liability only within twenty days of the court's decisions on them, the plaintiff makes two basic arguments to this court. First, insofar as the claim purports to challenge the propriety of the trial court's rulings on either or both of those motions, the plaintiff asks this court to dismiss the appeal for lack of subject matter jurisdiction because it was untimely filed. Second, insofar as the defendant challenges the trial court's denial of his motion to open judgment, in which he sought to reargue the plaintiff's summary judgment motion with the assistance of counsel, the plaintiff asks this court to affirm the trial court's decision as a proper exercise of the trial court's discretion to deny an untimely motion for reargument. For the following reasons, we agree with the plaintiff that the only issue we may lawfully review in this appeal is whether the trial court abused its discretion in denying the defendant's motion to open judgment, and conclude on that issue that in the absence of any such abuse of discretion, the trial court's ruling must be affirmed.

The following additional facts provide essential background for this case. The plaintiff commenced[2] this

_____

[2] See footnote 1 of this opinion.

action against the defendant on December 21, 2009, seeking to foreclose a commercial mortgage on real property owned by the defendant located at 3 Pump Lane in Ridgefield, following the defendant's default on a large construction loan. Thereafter, on July 6, 2011, the plaintiff filed a motion for summary judgment as to liability only, which it supported by an accompanying memorandum of law, an affidavit from one of its corporate officers and several attached exhibits. The defendant, who was then represented by substitute counsel in lieu of his original attorney in the case, who had temporarily been suspended from the practice of law, filed no memorandum or materials in opposition to the motion.

At the first hearing on the motion for summary judgment, on August 8, 2011, the defendant's substitute counsel sought the court's permission to withdraw his appearance, for the stated reason that he was not competent to handle foreclosure matters. When the defendant assented to the proposed withdrawal, the court granted the motion to withdraw, leaving the defendant unrepresented. At a second hearing on the motion for summary judgment three weeks later, on August 29, 2011, the defendant, still unrepresented, sought a further postponement of argument on the motion until his original attorney's suspension was completed, but the court granted him only five more weeks either to hire new counsel or to prepare himself to handle the motion. Thereafter, at the third and final hearing on the motion for summary judgment on October 3, 2011, the court denied the defendant's request for a further postponement until his original attorney's suspension was over, stating that it would decide the motion on the papers, subject to the defendant's right, upon the anticipated return of his original attorney, to file "any motion you wish" to address the court's ruling. On October 20, 2011,

the trial court granted the plaintiff's motion by short form order without opinion.

Subsequent to the granting of the plaintiff's summary judgment motion, the defendant filed no motions, memoranda or other materials of any kind addressing either the merits of that motion or the procedure by which it had been adjudicated.

On January 11, 2012, the plaintiff filed a motion for judgment of strict foreclosure with respect to the defendant's mortgaged property in Ridgefield. The defendant, who immediately hired new counsel to represent him in the action, filed no opposition to the plaintiff's motion on any grounds, including any alleged improprieties in the prior granting of the plaintiff's motion for summary judgment. On January 30, 2012, the trial court granted the plaintiff's motion, rendered judgment of strict foreclosure and set April 17, 2012, as the law day for the defendant to exercise his equitable right to redeem the property. The defendant did not appeal from the entry of that final judgment against him and filed no motion for reargument with respect to the plaintiff's motion for judgment of strict foreclosure.

On May 25, 2012, more than thirty days after the passage of his law day, the defendant filed a motion to open judgment and extend the law day, in which he sought, for the first time, to reargue the motion for summary judgment previously filed by the plaintiff seeking judgment as to liability only, which, as noted, the court had summarily granted on October 20, 2011. On May 29, 2012, the court summarily denied the defendant's motion to open. This appeal followed.

I

Generally, "an appeal must be filed within twenty days of the date notice of the judgment or decision is given." Practice Book § 63-1 (a). In the context of an

appeal from the denial of a motion to open judgment, "[i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper." (Internal quotation marks omitted.) *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 756, 966 A.2d 239 (2009). "When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time for appeal." (Internal quotation marks omitted.) *Ryan* v. *Vera*, 135 Conn. App. 864, 868, 43 A.3d 221 (2012).

In this case there is no question that the defendant failed to file a timely appeal from the granting of the plaintiff's motion for judgment of strict foreclosure against him, or thus from the resulting entry of the requested judgment of strict foreclosure with respect to his mortgaged Ridgefield property. Therefore, he cannot challenge the merits of that judgment in this appeal or, in so doing, challenge the trial court's order granting summary judgment in favor of the plaintiff on the issue of liability upon which that foreclosure judgment was predicated.

II

Turning, then, to the only issue that this court may properly address in this appeal—whether the trial court

erred in denying the defendant's motion to open judgment—we must start by acknowledging that such a motion "is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169, 612 A.2d 1153 (1992). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Ryan* v. *Vera*, supra, 135 Conn. App. 869.

Here, to reiterate, the only reason given by the defendant for seeking to open the judgment of strict foreclosure rendered against him on January 30, 2012, was to gain the opportunity to reargue, with the assistance of his present counsel, the plaintiff's underlying motion for summary judgment on the issue of liability. Therefore, the subject motion to open judgment was really nothing more than a belated motion for reargument, which by law had to be filed not later than twenty days after the ruling on the motion as to which reargument was sought. Here, then, the latest date on which the defendant could lawfully have moved for reargument with respect to the plaintiff's motion for summary judgment on the issue of liability, which was decided on October 20, 2011, was twenty days later, on November 9, 2011. Similarly, the latest date on which the defendant could lawfully have moved for reargument with respect to the plaintiff's motion for judgment of strict foreclosure, which was decided on January 30, 2012, was twenty days later, on February 19, 2012. Under these standards, the defendant's May 25, 2012 motion to open judgment, which sought only to reargue the plaintiff's motion for summary judgment on the issue of liability,

was untimely by more than six months. For that reason alone, the trial court acted well within its discretion in denying the motion to open judgment.

In addition, notwithstanding the defendant's argument that he had no attorney to help him in defending against the plaintiff's motion for summary judgment when the trial court decided it on the papers, there is no reason in equity why the defendant's delay in challenging the court's summary judgment ruling should be excused, for the record reveals that the defendant had the services of qualified legal counsel from early January, 2012, forward, and yet neither he nor his counsel raised any opposition to the motion for judgment of strict foreclosure from the date it was filed, January 11, 2012, through the date it was granted, January 30, 2012, or in the twenty day appeal or reargument period following the granting of that motion and the resulting entry of judgment. In short, the defendant has no basis for claiming an abuse of discretion by the trial court in denying him relief that he could readily have sought, had he wished to, at a time when he was represented by competent counsel.

The judgment is affirmed.

In this opinion the other judges concurred.