******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WELLS FARGO BANK, N.A. *v.* CYNTHIA
S. RUGGIRI ET AL.
(AC 37530)

DiPentima, C. J., and Beach and Mullins, Js.

*Argued February 10—officially released April 12, 2016*

(Appeal from Superior Court, judicial district of
Waterbury, M. Taylor, J.)

*Martin Ruggiri*, self-represented, the appellant
(defendant).

*David Bizar*, with whom, on the brief, was *Benjamin
T. Staskiewicz*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Martin Ruggiri[1] appeals from the judgment of the trial court denying his "motion to reopen judgment of strict foreclosure and motion to reargue and set aside motion for summary judgment" (motion to open). In the motion to open, the defendant sought to reargue the motion for summary judgment as to liability filed by the plaintiff, Wells Fargo Bank, N.A., which the court previously had granted. On appeal, the defendant claims that the court erred in granting the plaintiff's summary judgment motion, on the basis of which it rendered a judgment of strict foreclosure.[2] The plaintiff counters that the defendant may not use the current appeal, which relates only to the ruling on the motion to open, to raise issues regarding the judgment of strict foreclosure and the granting of the motion for summary judgment. Because the only issue properly before us is whether the court abused its discretion in denying the motion to open, and because we conclude that it did not, we affirm the judgment of the trial court.[3]

The plaintiff commenced this action on March 8, 2010, seeking to foreclose a mortgage on real property then owned by Cynthia S. Ruggiri, the defendant's late wife, at 421 Andrew Avenue, Naugatuck. The defendant initially was named as a defendant because he was alleged to have an interest in the property by virtue of a mortgage recorded on June 8, 2009, in the Naugatuck land records. He subsequently became the owner of the equity of redemption in the property subject to foreclosure by way of a quitclaim deed from Cynthia S. Ruggiri executed on March 19, 2011. When she died shortly thereafter, the defendant, in his capacity as administrator of her estate, was substituted for her as a defendant.

On November 2, 2011, the plaintiff filed a motion for summary judgment as to liability only, which the court, *M. Taylor*, *J.*, denied without opinion on December 12, 2011. On July 11, 2013, the plaintiff filed another motion for summary judgment as to liability only, which the court, *Hon. Joseph H. Pellegrino*, judge trial referee, granted without opinion on May 16, 2014. The defendant did not move to reargue the motion for summary judgment. See Practice Book § 11-12.

On June 25, 2014, the plaintiff filed a motion for judgment of strict foreclosure. On July 7, 2014, the court granted the plaintiff's motion, rendered judgment of strict foreclosure, and set October 7, 2014, as the law day. Notice of this judgment was sent to the parties on July 18, 2014. The defendant did not move to reargue; see Practice Book § 11-11; or appeal from the judgment of strict foreclosure.

On October 22, 2014, the defendant filed the motion to open that is the subject of this appeal.[4] On November 4, 2014, the court, *M. Taylor*, *J.*, held a hearing on the

motion and opened the judgment to reset the law day to December 16, 2014,[5] and to allow the plaintiff to withdraw the action as to the defendant in his capacity as administrator of Cynthia S. Ruggiri's estate. On December 12, 2014, the court held a second hearing on the motion[6] at which it indicated that it was denying the motion except that it would extend the law day. Accordingly, after the hearing, the court issued an order opening the judgment to reset the law day to March 31, 2015. The defendant timely appealed from the denial of the motion to open on December 31, 2014.

As a threshold matter, we must decline the defendant's invitation to review the merits of the court's ruling on the motion for summary judgment and judgment of strict foreclosure. "Generally, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. Practice Book § 63-1 (a). In the context of an appeal from the denial of a motion to open judgment, [i]t is well established in our jurisprudence that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time for appeal." (Citation omitted; internal quotation marks omitted.) *USA Bank* v. *Schulz*, 143 Conn. App. 412, 416–17, 70 A.3d 164 (2013).

In the present case, notice of the judgment of strict foreclosure was given on July 18, 2014. There is no dispute that the defendant did not appeal from that final judgment before the appeal period expired on August 7, 2014. The defendant also did not file his motion to open within twenty days of the judgment. The present appeal from the ruling on the motion to open was filed well after the expiration of this period. Accordingly, we are precluded from examining the merits of the underlying judgment, and our consideration of the defendant's claim on appeal is limited to determining whether the court's ruling on the motion to open was a proper exercise of its discretion.

In making this determination, we are mindful that "the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption

is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) Id., 418.

As previously noted, the defendant addresses all of the arguments presented in his motion to open and supporting memorandum to the validity of the court's granting of the plaintiff's motion for summary judgment and subsequent granting of the motion for judgment of strict foreclosure and rendering of the judgment of strict foreclosure, none of which he timely moved to reargue. Thus, insofar as the defendant sought to reargue the propriety of these rulings by way of his motion to open filed on October 22, 2014, his motion was nearly three months late with respect to the judgment of strict foreclosure. On that basis alone, the court properly exercised its discretion in denying the motion to open other than for the purpose of setting a new law day. See id., 418–19 (affirming denial of motion to open judgment of strict foreclosure, in which defendant sought only to reargue plaintiff's motion for summary judgment on issue of liability and which was untimely by more than six months).

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.

[1] IMC Financial, LLC, First Resolution Investment Corporation, and Victoria Camber were also named as defendants in this case, but they are not involved in this appeal. Martin Ruggiri also was substituted as a defendant in his capacity as the administrator of the estate of the named defendant, Cyhthia S. Ruggiri, but the plaintiff withdrew its action as against him in that capacity. For the purposes of the present appeal, we refer to Martin Ruggiri in his individual capacity as the defendant.

[2] The defendant has failed to provide this court with a signed transcript of the court's oral decision on the motion to open. See Practice Book § 64-1 (a). "When the record does not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review. . . . If there is an unsigned transcript on file in connection with an appeal, the claims of error raised by the plaintiff may be reviewed if this court determines that the transcript adequately reveals the basis of the trial court's decision." (Internal quotation marks omitted.) Danzig v. PDPA, Inc., 125 Conn. App. 242, 245 n.3, 9 A.3d 382 (2010), cert. denied, 300 Conn. 920, 14 A.3d 1005, cert. denied,    U.S.   , 131 S. Ct. 3077, 180 L. Ed. 2d 899 (2011). In this case, the unsigned transcript adequately reveals the basis of the court's decision.

[3] The defendant also included in his statement of issues a claim as to whether the court properly denied the plaintiff's motion to terminate the appellate stay. We decline to address this issue because "[t]he sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under [Practice Book §] 66-6." Practice Book § 61-14.

[4] Previously, on October 3, 2014, the defendant moved to open the judgment of strict foreclosure and to extend the law day. The court granted the motion and reset the law day to November 4, 2014.

[5] The court's November 4, 2014 order states that the new law day is December 6, 2014. The court corrected this error by order dated December 12, 2014.

[6] Because of a car accident, the defendant was unable to attend the November 4, 2014 hearing, at which, pursuant to the request of his counsel, the court deferred its ruling on the remainder of the motion to open to allow the defendant to be present.