******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## EASTERN CONNECTICUT SAVINGS BANK *v.* VENUS DEVELOPMENTS, LLC, ET AL.
### (AC 47204)

Bright, C. J., and Alvord and Prescott, Js.*

*Syllabus*

The defendant property owner appealed from the judgment of the trial court denying its motion to open and vacate the judgment of foreclosure. The defendant claimed, inter alia, that the court erred in denying its motion to open because the plaintiff failed to comply with the notice requirements pursuant to the rule of practice (§ 17-22). *Held*:

There was no merit to the defendant's claim that the trial court abused its discretion in denying the motion to open because the plaintiff lacked standing, as the plaintiff had been the holder of the note at the time of the commencement of the foreclosure action.

The trial court acted within its discretion in denying the defendant's motion to open the foreclosure judgment with respect to the issue of whether the amount of the debt had been properly proven, as the defendant failed to challenge the amount of the debt in an appeal from the foreclosure judgment and the issue of the amount of the debt attacked the merits of the underlying foreclosure judgment.

The trial court abused its discretion in denying the motion to open because the plaintiff failed to comply with the notice requirements of Practice Book § 17-22, having failed to provide proper notice of the foreclosure judgment to two defendants.

Argued January 6—officially released April 1, 2025

*Procedural History*

Action, inter alia, to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of Tolland, where the named defendant et al. was defaulted for failure to appear and the defendant Hillview Estates, LLC, was defaulted for failure to plead; thereafter, the court, *Wilkerson Brillant, J.*, granted the plaintiff's motion for an order allowing the plaintiff to

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

consolidate the amounts due under first and secondary promissory notes and the amount paid to resolve a mechanic's lien; subsequently, the action was withdrawn as to the defendant MacClain Construction, LLC; thereafter, the court, *Wilkerson Brillant, J.*, rendered judgment of foreclosure by sale; subsequently, the named defendant filed an appearance; thereafter, the court, *Gordon, J.*, denied the named defendant's motion to open and vacate the judgment of foreclosure, and the named defendant appealed to this court. *Reversed; further proceedings.*

*James Chen Tsui*, filed a brief for the appellant (named defendant).

*Michael S. Bonnano*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. In this mortgage foreclosure action, the defendant Venus Developments, LLC,[1] appeals from the judgment of the trial court rendered in favor of the plaintiff, Eastern Connecticut Savings Bank, denying its motion to open the court's judgment of foreclosure by sale. On appeal, the defendant[2] claims that the court

---

[1] Because only Venus Developments, LLC, has appealed, we refer to it as the defendant in this opinion. See footnote 2 of this opinion. The other defendants named in the complaint are referred to by name when necessary.

[2] The complaint also named as defendants Bingfang Tu, Gloria Shao, Guorong Wang, MacClain Construction, LLC, also known as MacClain Construction Company, LLC (MacClain), and Hillview Estates, LLC, also known as Highview Estates, LLC (Hillview Estates). Additionally, the plaintiff also named itself as a defendant in the complaint because it held a second mortgage granted to it by the defendant. That mortgage secured a second promissory note in the original amount of $2,000,000. The second promissory note was modified to reduce the loan amount to $1,500,000. The court granted the plaintiff's motion for default for failure to plead as to Hillview Estates and its motion for default for failure to appear as to Wang. The plaintiff filed motions for default for failure to appear as to Tu and Shao, and the court granted those motions on October 6, 2022.

MacClain filed an answer and special defenses, claiming that a mechanic's lien it had filed against the property had priority over the plaintiff's mortgage. The plaintiff subsequently satisfied the amount secured by MacClain's mechanic's lien and entered into a stipulation with MacClain whereby Mac-

abused its discretion in denying the motion to open because (1) the plaintiff lacked standing to commence the foreclosure action, (2) the foreclosure judgment improperly included the debt from a second promissory note, which was not part of the complaint and not properly proven, and (3) the plaintiff failed to comply with the notice requirements in Practice Book § 17-22. We agree with the defendant's third claim and, accordingly, reverse the judgment of the trial court.

The record reveals the following relevant facts and procedural history. On July 14, 2022, the plaintiff commenced this foreclosure action against the defendant alleging that the defendant had defaulted on its payment obligations due on a $500,000 revolving commercial loan (first promissory note) that was modified on June 9, 2021, to increase the principal sum of the loan to $1,000,000. The first promissory note was secured by a mortgage on real property located at 67 Anthony Road in Tolland and a guaranty. In its three count complaint, the plaintiff sought to recover the sums due on the first promissory note, to enforce the guaranty, and to foreclose on the mortgage.

The defendant did not file an appearance, and, on September 23, 2022, the plaintiff filed a motion for default for failure to appear pursuant to Practice Book § 17-20. The motion was granted on October 6, 2022.

On August 4, 2023, the plaintiff filed a motion for order seeking to recover not just the amount due under the first promissory note, but also the amount due under a second promissory note,[3] as well as the amount it had paid or intended to pay to another defendant named in the complaint, MacClain Construction, LLC, also

Clain agreed to withdraw its answer and special defenses. The action was then withdrawn as to MacClain.

[3] The second promissory note was secured by a second mortgage on the property, but the plaintiff did not seek to foreclose on the second mortgage.

known as MacClain Construction Company, LLC, to resolve a dispute regarding priorities "into one debt for the purposes of judgment and bidding at a foreclosure sale, if one is ordered."[4] There was no objection to this motion. On August 16, 2023, the court, *Wilkerson Brillant*, *J.*, granted the motion.

On July 3, 2023, the plaintiff filed a motion for a judgment of strict foreclosure. On August 16, 2023, the court rendered a judgment of foreclosure by sale, found the fair market value of the property to be $3,367,000, the total debt to be $2,340,576.31, and set a sale date of October 21, 2023. The court subsequently opened the foreclosure judgment on October 12, 2023, and set a new sale date of December 16, 2023, in order to give additional time for the appraisal of the property.

On December 7, 2023, the defendant appeared for the first time[5] and filed a motion to open and vacate the judgment of foreclosure. In that motion, it claimed that (1) the plaintiff lacked standing to bring the foreclosure action because the first promissory note, which was submitted as an exhibit to the complaint and which was attached to an affidavit of debt filed by the plaintiff, contained an allonge payable to ECS Mortgage Services Corporation (ECS) that made ECS, not the plaintiff, the holder of the first promissory note when the foreclosure action was commenced; (2) the foreclosure judgment, which included the debt from both the first and second promissory notes, was improper because the complaint sought to foreclose only on the first mortgage securing

---

[4] See footnote 2 of this opinion.

[5] Despite having been served with the complaint, the defendant elected not to file an appearance and was defaulted for failure to appear. It was only after the judgment of foreclosure was rendered that the defendant chose to appear and filed a motion to open that judgment. In an affidavit attached to the motion to open, Wang states that he is the sole member of the defendant and that the defendant had not hired an attorney or otherwise contested the foreclosure because, in Wang's view, he mistakenly believed that the foreclosure "was in order."

the first promissory note and did not seek to foreclose on the subsequent mortgage securing the second promissory note; and (3) the plaintiff failed to give proper notice of the October 12, 2023 judgment, as mandated by Practice Book § 17-22, to the defendants Bingfang Tu and Gloria Shao.

In response, the plaintiff filed an objection arguing that (1) it had standing to commence the action because ECS reassigned the first promissory note back to the plaintiff; (2) the complaint identified the debt owed by the defendant under both of the promissory notes, and it had successfully obtained, without any objection from the defendant, an order combining the amounts due on the first and second mortgage debts; and (3) it served the notice of the August 16, 2023 foreclosure judgment on all nonappearing defendants and that the defendant was "clearly aware" of the court's modified judgment on October 12, 2023, which did not affect the defendant's rights in the property beyond the extension of the sale date.

On December 14, 2023, following a hearing, the court, *Gordon, J.*, denied the motion to open. The foreclosure sale occurred on December 16, 2023, with the plaintiff as the successful bidder. This appeal followed. Additional facts and procedural history will be set forth as necessary.

We begin with the following general legal principles. "Generally, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. Practice Book § 63-1 (a). In the context of an appeal from the denial of a motion to open judgment, [i]t is well established in our jurisprudence that [if] an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s]

limited our consideration to whether the denial of the motion to open was proper. . . . [If] a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. . . . This is so because otherwise the same issues that could have been resolved if timely raised would nevertheless be resolved, which would, in effect, extend the time for appeal." (Citation omitted; internal quotation marks omitted.) *USA Bank* v. *Schulz*, 143 Conn. App. 412, 416–17, 70 A.3d 164 (2013). "This court must make every reasonable presumption in favor of the trial court's decision when reviewing a claim of abuse of discretion. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 761, 966 A.2d 239 (2009).

In the present case, there is no dispute that the defendant failed to file an appeal or a motion to open within twenty days of the court's rendering of the judgment of foreclosure by sale. Accordingly, we review the defendant's claims under an abuse of discretion standard and do not address the underlying merits of the judgment of foreclosure by sale.

I

The defendant first claims that the court abused its discretion in denying the motion to open because the plaintiff lacked standing to commence the foreclosure action. We disagree.

"The issue of standing implicates the trial court's subject matter jurisdiction and therefore presents a

threshold issue for our determination. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [If] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . In addition, because standing implicates the court's subject matter jurisdiction, the issue of standing is not subject to waiver and may be raised at any time. . . . [T]he plaintiff ultimately bears the burden of establishing standing.

"Generally, in order to have standing to bring a foreclosure action the plaintiff must, at the time the action is commenced, be entitled to enforce the promissory note that is secured by the property." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bliss*, 159 Conn. App. 483, 488, 124 A.3d 890, cert. denied, 320 Conn. 903, 127 A.3d 186 (2015), cert. denied, 579 U.S. 903, 136 S. Ct. 2466, 195 L. Ed. 2d 801 (2016).

The defendant argues on appeal that the plaintiff lacked standing to commence the foreclosure action. It contends that, "[b]ecause the [first promissory] note was specifically endorsed to [ECS], it appeared to be the holder of the note when this action was commenced and the only party with standing."

The following additional facts and procedural history are relevant to this claim. The plaintiff filed exhibits to the complaint on August 16, 2022, which included the first promissory note, which was a revolving commercial loan issued by the plaintiff to the defendant, and an

allonge attached to the first promissory note assigning it to ECS. After the August 16, 2023 judgment of foreclosure and in response to the defendant's December 7, 2023 motion to open the judgment of foreclosure which, inter alia, questioned the plaintiff's standing, the plaintiff, without objection, filed a supplemental complaint exhibit on December 15, 2023. That exhibit reflected a reassignment of the first promissory note from ECS back to the plaintiff on June 10, 2022, a date prior to the commencement of the action. The plaintiff, therefore, had standing to commence the foreclosure action because it was the holder of the first promissory note when the action was commenced on July 14, 2022.

The defendant, however, takes issue with the timing of the plaintiff's submission of the evidence of the reassignment and argues that the plaintiff had not proven standing prior to the rendering of the judgment of foreclosure by sale because the reassignment was not submitted as an exhibit until the defendant sought to open that judgment. This argument lacks merit.

Prior to the foreclosure judgment, the plaintiff produced the first promissory note that it had issued to the defendant. That the attached allonge may have raised a question of standing[6] does not compel a conclusion that the court abused its discretion in denying the motion to open. Once the defendant raised the question of standing in its motion to open, the plaintiff submitted, as a supplemental complaint exhibit, the reassignment of the first promissory note from ECS back to the plaintiff on a date that preceded the commencement of the foreclosure action. If the defendant wanted to challenge the plaintiff's standing based on the assignment of the first promissory note as evidenced by the allonge, it could have done so previously by raising the issue in

---

[6] The plaintiff also argues in its appellate brief that it has always been the holder of the note because it wholly owns the servicing company, ECS.

a motion to dismiss. Because the plaintiff was the holder of the note at the time of the commencement of the foreclosure action, the court did not abuse its discretion in denying the motion to open for lack of standing.

## II

The defendant next claims that the court abused its discretion in denying its motion to open because, in its view, the foreclosure judgment improperly included the debt arising from the second promissory note, which it argues was not a subject of the complaint. We are not persuaded.

As previously stated in this opinion, it is well established "that [w]here an appeal has been taken from the denial of a motion to open, but the appeal period has run with respect to the underlying judgment, [this court] ha[s] refused to entertain issues relating to the merits of the underlying case and ha[s] limited our consideration to whether the denial of the motion to open was proper." (Internal quotation marks omitted.) *USA Bank* v. *Schulz*, supra, 143 Conn. App. 417. The issue of whether the debt was properly proven attacks the merits of the underlying foreclosure judgment.[7]

Notice of the foreclosure judgment issued on August 22, 2023, and the defendant filed its motion to open and

[7] We note briefly that the complaint sought to foreclose only on the first promissory note and that the plaintiff's motion for order to include the debt under the second promissory note was granted without objection. Even if we were to reach the merits of this claim, we conclude that, given the equitable nature of foreclosure actions, it was within the purview of the trial court to decide to include the amount of debt due under the second promissory note. See, e.g., *TD Bank*, *N.A.* v. *M.J. Holdings*, *LLC*, 143 Conn. App. 322, 326, 71 A.3d 541 (2013) ("[B]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.)).

vacate the judgment on December 7, 2023, well after the twenty day appeal period set forth in Practice Book § 63-1 (a). The defendant could have challenged the amount of the debt on an appeal from the foreclosure judgment but did not do so. For this reason alone, the trial court acted within its discretion in denying the motion to open the foreclosure judgment. See id., 419. "Because opening a judgment is a matter of discretion, the trial court [is] not required to open the judgment to consider a claim not previously raised. The exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal." (Internal quotation marks omitted.) *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, 171 Conn. App. 842, 849, 158 A.3d 405 (2017). The defendant has not demonstrated that the court abused its discretion in denying the motion to open in this regard.

### III

The defendant finally claims that the court abused its discretion in denying the motion to open because the plaintiff failed to comply with the notice requirements in Practice Book § 17-22. We agree.

Practice Book § 17-22 provides in relevant part: "A notice of . . . [a] judgment after default for failure to enter an appearance, which notice includes the terms of the judgment, shall be sent by mail or electronic delivery within ten days of the entry of judgment by counsel of the prevailing party to the party against whom it is directed and a copy of such notice shall be filed with the clerk's office. Proof of service shall be in accordance with Section 10-14."

The defendant argues that the plaintiff did not give notice of the court's October 12, 2023 judgment to Tu and Shao, nonappearing defendants who were holders of junior mortgages. Although the plaintiff concedes that it failed to send notice of the October 12, 2023

judgment, it counters that it sent Tu and Shao notice of the original August 16, 2023 judgment of foreclosure. That, however, is not sufficient to satisfy Practice Book § 17-22. The plain language of § 17-22 requires that notice of the terms of the judgment "shall be sent . . . by counsel of the prevailing party to the party against whom it is directed . . . ." The record reflects that the plaintiff's counsel did not give proper notice of the October 12, 2023 judgment to Tu and Shao pursuant to § 17-22. It is possible that, if proper notice had been given pursuant to § 17-22, Tu or Shao could have been the successful bidder at the December 16, 2023 foreclosure sale at a price higher than the successful bid submitted by the plaintiff, which could have benefitted the defendant. Accordingly, we conclude that the court abused its discretion in denying the motion to open as to the defendant's § 17-22 claim.

Because notice was not sent in accordance with Practice Book § 17-22, we must remand the case. We note, however, that our remand does not affect the judgment of foreclosure by sale or any other aspects of the judgment. Rather, in the absence of proper notice, we remand the case for the sole purpose of setting a new sale date.

The judgment denying the defendant's motion to open is reversed and the case is remanded with direction to open the judgment, vacate the sale, and set a new sale date.

In this opinion the other judges concurred.